State *v.* Maher.

## STATE *versus* MAHER.

Upon a town or city officer, powers additional to those given by the law under which he was appointed, may be conferred by the Legislature.

A magistrate, who has certified his record in an incomplete form, is bound, under leave of the Court, to complete the record, and to amend the certificate accordingly.

A conviction, upon an indictment, of being a common seller of spirituous liquors, cannot be pleaded or proved in defence of a complaint for a single act of sale, though such act be within the time embraced in the indictment.

On EXCEPTIONS from *Nisi Prius,* RICE, J., presiding.

[Memo. — The Act of 1851, c. 211, entitled an "Act for the suppression of drinking houses and tippling shops," § 4, provides that, on a second conviction for selling any spirituous or intoxicating liquor, the offender shall forfeit twenty dollars with costs of prosecution, & § 5, provides that such forfeiture may be recovered before a justice of the peace or Judge of a Municipal or Police Court.

The statute of 1849, c. 281, § 11, provides that "a Police Court shall be established in and for the city of Gardiner" with jurisdiction in matters civil and criminal "under twenty dollars."]

COMPLAINT for unlawfully selling spirituous liquor on February 5, 1853. The defendant was convicted before the Police Court of Gardiner, and fined *twenty dollars* with costs. From that judgment he appealed.

At the opening of the case for trial, in the S. J. Court, at its March term, 1853, the defendant moved to dismiss the appeal, because : —

1. The Judge of the Police Court of Gardiner had no jurisdiction of the case, inasmuch as his jurisdiction, by the city charter, extends only to cases in which penalties *less than twenty* dollars are allowed.

2. The record does not show that the defendant gave a bond of $200, required in order to authorize an appeal.

3. The defendant did not give such bond.

The first and third of these objections were overruled.

On motion of the County Attorney, the Judge of said Police

State v. Maher.

Court was then permitted to amend his record, by inserting the following words, the defendant objecting to the amendment : — " He also gave a bond, with two other good and sufficient sureties, running to the city of Gardiner, in the sum of $200, that he will not during the pendency of such appeal, violate any of the provisions of the Act entitled ' an Act for the suppression of drinking houses and tippling shops.' "

The case being then submitted to a jury, the government introduced evidence tending to prove an act of sale made some time in said month of February.

The defendant then proved that at the same March term of the Court, he had been indicted as a common seller, the indictment covering the time from 10th Dec. 1852, to 5th March, 1853 ; and that the jury had returned a verdict against him for that offence. The defendant therefore contended that the offence set forth in the complaint, was merged in that set forth in the indictment, and that he could not be tried again for this, and requested the Court so to rule ; but the Judge declined so to rule, and instructed the jury that, if they found the sale proved, as charged in the complaint, they must find a verdict against the defendant, which they did.

To the foregoing rulings and instructions the defendant excepted.

*Lancaster & Baker,* for the defendant.

The Judge ought to have dismissed the appeal.

1. The Police Judge exceeded his jurisdiction in the assessment of the $20 fine. His authority to inflict penalties was confined to sums less than $20. Special Act of 1849, to incorporate the city of Gardiner, c. 281, § 11.

2. The amendment of the record by the Police Judge was wrongfully permitted. But, with its amendment, the record is insufficient, inasmuch as it does not show that the bond was conditioned " not to violate any statute of 1851," but only not to violate some Act bearing a specified title, without showing when such Act was passed, or what were its provisions.

The exception that the offence complained of was merged

Butman v. Hobbs.

in the indictment against the defendant for being a common seller, is not insisted upon.

*Vose*, County Attorney, for the State.

WELLS, J. — The Judge of the Police Court of Gardiner had authority to impose the fine of twenty dollars, by virtue of the "Act for the suppression of drinking houses and tippling shops," approved June 2, 1851, c. 211, § 5. It is therefore unnecessary to determine whether the Act incorporating the city of Gardiner conferred the same power.

It was the duty of the Judge of the Police Court to amend his record, and the act appears to have been sufficiently described by its title.

The indictment and conviction of the defendant as a common seller, embracing the time in which this offence is charged, are no objection to this prosecution, for they are different offences. The violation of the law in a single case is an offence; where there is evidence of several violations, they show another and more aggravated one of being a common seller, which implies a general and continued breach of the law. *State* v. *Coombs*, 32 Maine, 529.

*Exceptions overruled.*