# N. Y. COMMON PLEAS.

ELSIE L. MOORE, plaintiff and appellant, agt. GEORGE F. GOULD, defendant and respondent.

*Costs — when the item of twelve dollars extra costs allowed by section 70 of the district court act, improperly taxed.*

On the reversal, by the common pleas general term, of a judgment rendered by a district court of the city of New York in favor of the defendant, the appellant is not entitled to tax as costs against the defendant (respondent) the item of twelve dollars extra costs (section 70 of the district court act) unless it appeared conclusively by either the case on appeal, or the opinion of the general term, that the plaintiff, in case of recovery in the district court, *would* recover fifty dollars and upwards.

*Special Term, February,* 1878.

IN March, 1877, the appellant commenced an action in the first district court to recover $250 for brokerage in effecting an exchange of real estate. By the record of the appeal it appears that plaintiff's assignor was employed to effect an exchange of " the equity of a house at Rahway, over the mortgage, for depressed railway bonds." The purchaser was procured and the exchange was made, and this claim was made for brokerage upon the value of the property exchanged, and not the "equity" of it. On the trial it was testified to, that the equity over and above the mortgage was worth nothing. The first district court gave judgment in favor of the defendant and from that judgment an appeal was taken to the general term of the court of common pleas, which latter court reversed the judgment on the merits and

rendered an opinion from which it appears that they decided that the court below erred in giving judgment for the defendant inasmuch as the plaintiff was entitled to recover something for services rendered. Subsequently, costs were taxed in favor of the appellant on such reversal, and among such costs the clerk awarded twelve dollars extra costs, which he would have recovered in the court below had the judgment been in his favor. From the allowance of this item by the clerk this appeal was taken to the present term of this court.

*Charles Blandy*, in support of the appeal and against the allowance of the twelve dollars.

*John A. Goodlett*, opposed, and appeared to support the item of twelve dollars.

ROBINSON, *J.*— Plaintiff having, on appeal to this court from a judgment recovered against him in a district court, obtained a reversal of that judgment, the question presented on this appeal from the clerk's taxation was whether he is entitled to the twelve dollars costs allowed him as extra costs which he would have recovered in the court below had the judgment been in his favor. The clerk allowed it on taxation and defendant appealed. The plaintiff's "demand" was "for the recovery of fifty dollars or more," and the seventieth section of the district court act in such case applies. Sections 3 and 4 of the marine court act of July 12, 1853, which allows as extra costs such as those sections prescribe, and the third section of the latter act allows twelve dollars when a trial has been had (as was the case here); but the seventieth section has this further provision : " But the plaintiff shall not recover such extra costs unless judgment be rendered in his favor for fifty dollars or more." This court, by a reversal of the judgment, necessarily determined that upon the case presented on the appeal the plaintiff was entitled to some recovery, but they did not decide that it ought

Moore agt. Gould.

to be "fifty dollars or more"; nor did it appear conclusively from the case on appeal what sum, if any, beyond nominal damages, was in law properly assessable upon the proof he adduced. The majority of the judges at general term were of the opinion that the plaintiff was entitled to recover, not brokers' commissions to be calculated on any specific amount, but what his services were reasonably worth. The case presents no certain basis establishing that they were fully worth at least fifty dollars. Under these circumstances the allowance of the extra costs of twelve dollars was erroneous, and this item must be reduced to ordinary costs allowed by section 67 of the district court act.