## N. Y. COMMON PLEAS.

EDWARD A. BOYD, plaintiff and respondent, agt. BENJAMIN N. DISBROW, Jr., defendant and appellant.

*Costs — on appeal to common pleas where judgment of district court is reversed.*

The reversal, upon appeal by the common pleas general term, of a judgment rendered against a defendant by a district court of the city of New York for an amount of damages exceeding fifty dollars, entitles such defendant to ten dollars extra costs as part of the costs of the district court.

*Ellert* agt. *Kelly* (4 *E. D. Smith*) 12, explained.

*Special Term, March,* 1880.

PLAINTIFF sued, in the seventh district court, to recover $185 on a *quantum meruit* for goods sold and delivered to defendant

Defendant claimed that the goods delivered were not what he contracted for.

A trial was had before court and jury and a verdict rendered in favor of plaintiff for the amount claimed.

On appeal to the general term of the court of common pleas the judgment was reversed for error and thereupon defendant taxed his costs including therein ten dollars extra costs as part of the costs of the district court.

From the allowance by the clerk on such taxation of the item for extra costs plaintiff appealed to the special term.

*Thomas Kilvert*, for appellant.

*James Flynn*, for respondent.

VAN HOESEN, *J.* — The construction which has been placed upon the Code (*section* 371), occasions embarrassment to clerk and counsel. Not knowing any thing of the nature of the appeal, or of the reasons which led the general term to make its decision, the clerk cannot understandingly determine whether or not the party prevailing on the appeal ought to be allowed the extra costs provided for by section 70 of the district court act. Take the case of *Moore* agt. *Gould* (54 *How. Pr.*, 500) as an example. There the clerk could see that a judgment in favor of the defendant had been reversed upon appeal, and that the sum claimed by the plaintiff in the district court exceeded fifty dollars; but there was no possible way by which he could have ascertained that the general term meant merely to decide that the plaintiff was entitled to recover upon a *quantum meruit*, and not for the sum which he claimed in the court below. It required the interposition of a judge who sat at the general term in that case to tax the costs. Had the court given effect to the words "costs incurred," I think the embarrassment might have been avoided. Then the party prevailing upon appeal would have been entitled, on the reversal of a judgment against him, to recover the costs which he had incurred, *i. e.*, run into, in the district court. If a judgment were affirmed the prevailing party would retain the extra costs awarded him by the district court; but if a judgment were reversed, the extra costs, which are never incurred, but which are in the nature of an extra allowance, would not be given to the party who had been unsuccessful in the district court.

Costs which are incurred are those expenditures which are necessarily made for fees and disbursements, and it was only

those costs which the Code intended to award to the party who succeeded, on appeal, in obtaining a reversal of a judgment. But, it is too late, at this date, to adopt the construction which I think the proper one, for I am bound, by the practice of my predecessors, to hold that the defendant who succeeds in obtaining the reversal upon appeal of a judgment against him for an amount of damages exceeding fifty dollars, is entitled to ten dollars extra costs as part of the costs of the district court. It matters not that the general term does not and cannot render a final judgment in his favor. The rule which has been adopted gives to the defendant, against whom a judgment for more than fifty dollars damages has been rendered by a district court, the same extra costs where he obtains a reversal of the judgment on appeal (notwithstanding he is liable to a second action for the same cause) that would be awarded him if a decision had been rendered which was a final determination in his favor.

When *Ellert* agt. *Kelly* (4 *E. D. S.*, 12) was decided, it was supposed that this court would render a final judgment in favor of the party who ought to have succeeded in the district court. That view was long ago abandoned.

The taxation of the clerk must be affirmed.