PEOPLE *v.* DEWEY.

(*Supreme Court, General Term, Fifth Department.* October 23, 1890.)

1. CRIMINAL LAW—JURISDICTION—COMMON GAMBLER.
   The court of oyer and terminer and the court of sessions have jurisdiction of the offense of being a common gambler in selling lottery policies under Pen. Code N. Y. § 344. Such offense is not within Code Crim. Proc. N. Y. § 56, subd. 10, giving exclusive jurisdiction to courts of special sessions of the offense of selling lottery tickets.

2. SAME.
   The two classes of crimes severally defined in Pen. Code, § 344, and Code Crim. Proc. § 56, subd. 10, are entirely distinct, and a conviction under one section would be no bar to a conviction under the other section.

Appeal from court of sessions, Erie county.

An appeal by John Dewey for a judgment convicting him as a common gambler, for selling lottery policies.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*G. H. Wende,* for appellant.     *W. L. Marcy,* for the People.

DWIGHT, P. J. The defendant was indicted in the Erie oyer and terminer, as a common gambler, for selling lottery policies, under section 344 of the Penal Code, and the indictment was sent to the court of sessions of Erie county. In that court the defendant demurred to the indictment on the ground that neither the oyer and terminer nor the court of sessions had jurisdiction of the offense charged, that offense being, as he alleged, the same mentioned in subdivision 10, § 56, Code Crim. Proc., and of which exclusive jurisdiction is thereby given to courts of special sessions, subject only to the power of removal provided by section 57 of the same statute, which power had not been exercised in this case. The demurrer was overruled. The defendant thereupon pleaded, in bar, a former conviction for the same offense in a

court of special sessions, the facts being stipulated. The plea in bar was overruled, and the defendant was convicted of the crime charged in the indictment. Both the demurrer and the plea in bar were properly overruled. The offense charged in the indictment was not within the provisions of section 56 of the Code of Criminal Procedure. It was, distinctly, the offense defined by section 344 of the Penal Code. That offense is a felony. It may be punished by imprisonment for a term of two years, (section 344,) and under the provisions of sections 5 and 704 of the Penal Code every offense so punishable is a felony. The provisions of section 56 of the Code of Criminal Procedure, *supra*, in terms apply only to misdemeanors. Moreover, the particular description contained in subdivision 10 of that section clearly embraces only offenses defined by chapter 8, §§ 323, 324 *et seq.*, of the Penal Code. There can be no question of the jurisdiction of both the court of oyer and terminer and the court of sessions of Erie county, of the offense charged in the indictment.

The plea in bar was equally ineffectual. The attorneys who signed the stipulation in the court of sessions fell into a curious error in describing the previous conviction of the defendant in the court of special sessions. The stipulation states that he was charged with, and convicted of, "a violation of subdivision 10 of section 56 of the Code of Criminal Procedure." If this statement were to be taken as true, the defendant was not convicted in the court of special sessions of any crime of which that court, or any other, had jurisdiction. The section mentioned does not define any crime, but only provides that of certain crimes enumerated in its several subdivisions, (all of which are defined by the Penal Code,) courts of special sessions have, in the first instance, exclusive jurisdiction. The Code of Criminal Procedure prescribes the rules of procedure in criminal cases; the definition of crimes is confined to the Penal Code. But we may assume that, by the stipulation, it was intended that the defendant was charged with, and convicted in the court of special sessions of, one of the crimes which is specified in subdivision 10 of section 56, etc. If so, that conviction was one of the crimes defined by chapter 8 of the Penal Code, and not one of those defined by section 344 of the same statute, under which the indictment was drawn. The two classes of crimes so severally defined are entirely distinct from each other, and a conviction of one of the crimes included in the former class would be no bar to a conviction of one of those included in the latter. It is true, no doubt, that the application and force of the plea in bar depends upon the identity of the act itself which was the subject of the former conviction, with that which is intended to be charged in the subsequent complaint or indictment, and not, necessarily, upon identity, in name, of the two offenses charged. *People* v. *McGowan*, 17 Wend. 386; *Same* v. *Krummer*, 4 Park. Crim. R. 217. But in this case the record of the former conviction is not before us, and there is nothing in the stipulation to show that the act then complained of was the same as that charged in the indictment. On the contrary, as we have seen, giving to the defendant the benefit of a liberal construction of the stipulation, the two acts were distinct in character, and constituted distinct and separate offenses. The conviction should be affirmed, and the case remitted to the court of sessions to proceed thereon. All concur.