PETER D. PLATZ *v.* THE BURTON & CORY CIDER & VINEGAR
Co.

(City Court of Albany — March, 1894.)

Upon appeal from a judgment of a Justice's Court, where no new trial is
demanded, the County Court is limited to an affirmance or reversal of
the judgment, except where the defendant failed to appear in the lower
court.

Where the judgment of reversal in the County Court was predicated upon
or involved the merits, it is an absolute bar to a subsequent action
between the same parties on the same cause of action.

A judgment of reversal which expressly states that no cause of action was
shown against the defendant on the trial, is a judgment on the merits.

ACTION for money loaned.

*Stephens & Delaney,* for plaintiff.

*Wm. F. Rathbone,* for defendant.

DANAHER, J. On the 12th day of January, 1892, the plaintiff·in this action sued the above-named defendant in the City Court of Albany for money loaned, and demanded judgment for $275, to which complaint defendant answered denial and payment. A trial was had on the merits in said court, which, on the 15th day of March, 1892, duly rendered judgment in favor of the said plaintiff and against the said defendant for the sum of $250 damages, and $10 attorney fees, in all for the sum of $260. The defendant appealed from that judgment to the County Court of Albany county, and did not demand a new trial in the appellate court. The case was argued in said court, and in the due course of time the county judge of Albany county reversed the judgment of the City Court. The memoranda of his decision, written on the return on appeal, reads as follows:

"No liability shown on the trial against the defendant. Judgment reversed, with costs.

"J. H. CLUTE, *County Judge.*"

On the 17th day of May, 1892, an order of reversal was entered in the Albany county clerk's office, which recited the notice of appeal, and after hearing counsel on the part of the appellant and respondent, and concluded as follows: "And the court having examined the exhibits, testimony and other matters included in the return herein, and having considered the same, and there being no cause of action shown on the trial against the defendant herein, it is ordered, that the said judgment be, and the same hereby is reversed, with costs, and that judgment be entered accordingly."

And on the 17th day of May, 1892, judgment on said order was entered in said action, which reads as follows:

"The defendant herein having appealed from the judgment entered in the City Court on the 15th day of March, 1892, and this cause having been duly reached on the calendar and called, and the court, after hearing the arguments made herein and examined the return, having found that there was no cause of action shown on the trial against the defendant, and

an order herein having been entered to that effect, and directing judgment to be entered against the plaintiff reversing said judgment, with costs, it is adjudged that the judgment entered in this action in the City Court of Albany on the 15th day of March, 1892, in favor of Peter D. Platz against Burton & Cory Cider & Vinegar Company, for the sum of $250 damages and $10 costs, be, and the same hereby is reversed, with $42.44 costs to the defendant against the plaintiff, Peter D. Platz, and that the defendant have execution therefor."

Subsequently the plaintiff, Peter D. Platz, paid the said judgment of forty-two dollars and forty-four cents costs, and the same was discharged of record.

Thereafter, and on the 29th day of December, 1893, the said Peter D. Platz, the plaintiff in the former action, brought this action against the Burton & Cory Cider & Vinegar Co., the defendant in the former action, on the same cause of action set forth in the former suit, and has introduced additional testimony bearing upon the question of the liability of the Burton & Cory Cider & Vinegar Co. for the said loan. The defendant has pleaded the former judgment and suit in bar to this action, and the question arises as to whether the judgment of the County Court of the county of Albany entered in the former action, reversing the judgment of the City Court, is a bar to the present suit.

The County Court of Albany has no power to grant a new trial upon reversing a justice's judgment except in cases where the defendant fails to appear in the lower court, as provided in section 3064 of the Code of Civil Procedure, and as this is not such a case the court is limited to the powers granted it by section 3063 of the Code, which provides for the judgment to be rendered by the County Court on appeals from judgments of Courts of Justices of the Peace where a new trial is not demanded in the appellate court. The section reads as follows: " The appellate court must render judgment according to the justice of the case without regard to technical errors or defects which do not affect the merits. It may affirm or reverse the judgment of the justice in whole

or in part and as to any or all of the parties and for errors of law or of fact."

It was formerly considered as within the power of the appellate court under the corresponding section of the old Code to pronounce judgment on the merits by awarding final judgment in favor of the plaintiff and against the defendant, or *vice versa*, but that idea has long since been abandoned, and the appellate court is now limited to an affirmation or reversal of the judgment of the justice in whole or in part as provided by section 3063 of the Code. *Boyd* v. *Disbrow*, 58 How. Pr. 399.

It is true as a general proposition that " the reversal of a judgment by any competent authority restores the parties litigant to the same condition in which they were prior to its rendition. The judgment reversed becomes mere waste paper and the parties to it are allowed to proceed in the court below." Freem. Judg. § 481.

" Where a judgment is reversed then the adjudication therein concludes no one, and it is not an estoppel or a bar in any sense." *Loeb* v. *Willis*, 100 N. Y. 235 ; see, also, *Smith* v. *Frankfield*, 77 id. 414. That rule of law is correct when applied to courts of general jurisdiction, and also when the County Court, on appeal, where no new trial is demanded, under its special Code powers reverses a judgment of the lower court, and it appears that the reversal was upon technical grounds, or to correct an error of law or fact; then the judgment of reversal is no bar to a new action between the same parties on the same cause of action. See *Hardy* v. *Seelye*, 1 Hilt. 90 ; *Anon.*, 9 Wend. 503.

But the converse of the proposition is equally true, that if it appears that the judgment of reversal is predicated on the merits (*Hunt* v. *Hoboken Land & Improvement Co.*, 1 Hilt. 164) or involved the merits (*Onderdonk* v. *Ranlett*, 3 Hill, 323), it is an absolute bar to a new action between the parties on the cause of action passed upon in the former suit.

To rule otherwise would deprive the County Court of its absolute power to render judgment according to the justice of

the case, and on the merits, which section 3063 of the Code affirmatively gives it. *Houghtaling* v. *Lloyd*, 21 Civ. Proc. Rep. 56; *Tuttle* v. *Dennis*, 11 N. Y. Supp. 602; *Purdy* v. *Dinkle*, 6 id. 158; *Bump* v. *Dehany*, 12 id. 901; *Greene* v. *Walton*, 13 id. 147.

*Boyd* v. *Disbrow*, 58 How. Pr. 399, is an authority for the proposition that a judgment of reversal made by an appellate court of a judgment of a Justice's Court is the only form of judgment it can render; where the court says in that case, "that the General Term does not and cannot render a final judgment" in favor of the successful party, it refers to the form and not to the effect of the judgment, but it holds that as far as the costs are concerned a judgment of reversal is as effectual as would be a final judgment in favor of the party who ought to have succeeded in the court below.

It is clear on authority that if the judgment of the City Court in the first suit was reversed on appeal by the County Court on the merits, the judgment of the County Court is an absolute bar to the present action.

It appears from the record in evidence that the judgment of the County Court was rendered on the merits, or involved the merits. Its memoranda reads: "No liability shown on the trial against defendant." The order and judgment of the County Court recites that the court examined the return, the exhibits, testimony and other matter included in the return and considered the same, and found that no cause of action was shown on the trial against the defendant therein, and its judgment so rendered is a judgment on the merits. *Mannion* v. *R. R. Co.*, 18 Civ. Proc. Rep. 40; Black Judg. §§ 693, 694.

It is elementary that a judgment on the merits is a bar to a subsequent suit upon the same cause of action; that the record may be searched to show such an adjudication, and that if nothing appears in the record, the presumption of law is that it was rendered on the merits, and the burden of proving the contrary is on him who alleges it was not so rendered. Black Judg. § 724. When a party tries an action it is presumed

that he offers all the evidence he has, and a judgment on the testimony offered is a bar to all subsequent actions between the same parties on the same cause of action, even though other evidence be discovered, unless application is made to the court to open the judgment and allow the action to be revived; if it be permitted, the rule is preserved in its integrity, for then there is no judgment to be pleaded as a bar, or where the judgment is reversed on appeal for error.

On the merits of the case plaintiff is entitled to a judgment for the sum of $250 and interest, amounting to $39.37, in all to $289.37, against the defendant, and I expressly decide that but for the plea and bar of the judgment of the County Court in the former suit I would render judgment in favor of the plaintiff and against the defendant for the sum of $289.37. For the sole reason that the judgment of the County Court reversing the judgment of the City Court was on the merits of the former action, I render judgment for the defendant.

Judgment for defendant.