(7 Misc. Rep. 473.)

## PLATZ v. BURTON & CORY CIDER & VINEGAR CO.

### (City Court of Albany. March, 1894.)

JUDGMENT—RES JUDICATA.

     A judgment and order of a county court reversing a judgment in favor of plaintiff reciting that the testimony shows no cause of action against defendant is rendered on the merits, and bars a subsequent action for the same cause, though the case was one in which the county court could not order a new trial.

Action by Peter D. Platz against the Burton & Cory Cider & Vinegar Company to recover money loaned. Judgment for defendant.

Stephens & Delaney, for plaintiff.
Wm. F. Rathbone, for defendant.

DANAHER, J. On the 12th day of January, 1892, the plaintiff in this action sued the above-named defendant in the city court of Albany for money loaned, and demanded judgment for $275, to which complaint defendant answered denial and payment. A trial was had on the merits in said court, which, on the 15th day of March, 1892, duly rendered judgment in favor of the said plaintiff and against the said defendant for the sum of $250 damages and $10 attorney fees; in all for the sum of $260. The defendant appealed from that judgment to the county court of Albany county, and did not demand a new trial in the appellate court. The case was argued in said court, and in the due course

of time the county judge of Albany county reversed the judgment of the city court. The memorandum of his decision, written on the return on appeal, reads as follows:

"No liability shown on the trial against the defendant. Judgment reversed, with costs.                     J. H. Clute, County Judge."

On the 17th day of May, 1892, an order of reversal was entered in the Albany county clerk's office, which recited the notice of appeal, and the hearing of counsel on the part of the appellant and respondent, and concluded as follows:

"And the court having examined the exhibits, testimony, and other matters included in the return herein, and having considered the same, and there being no cause of action shown on the trial against the defendant herein, it is ordered that the said judgment be, and the same hereby is, reversed, with costs, and that judgment be entered accordingly."

And on the 17th day of May, 1892, judgment on said order was entered in said action, which reads as follows:

"The defendant herein having appealed from the judgment entered in the city court on the 15th day of March, 1892, and this cause having been duly reached on the calendar and called, and the court, after hearing the arguments made herein and examined the return, having found that there was no cause of action shown on the trial against the defendant, and an order herein having been entered to that effect, and directing judgment to be entered against the plaintiff reversing said judgment with costs, it is adjudged that the judgment entered in this action in the city court of Albany on the 15th day of March, 1892, in favor of Peter D. Platz against Burton & Cory Cider & Vinegar Company for the sum of $250 damages and $10 costs be, and the same hereby is, reversed, with $42.44 costs to the defendant against the plaintiff, Peter D. Platz, and that the defendant have execution therefor."

Subsequently the plaintiff, Peter D. Platz, paid the said judgment of $42.44 costs, and the same was discharged of record. Thereafter, and on the 29th day of December, 1893, the said Peter D. Platz, the plaintiff in the former action, brought this action against the Burton & Cory Cider & Vinegar Company, the defendant in the former action, on the same cause of action set forth in the former suit, and has introduced additional testimony bearing upon the question of the liability of the Burton & Cory Cider & Vinegar Company for the said loan. The defendant has pleaded the former judgment and suit in bar to this action, and the question arises as to whether the judgment of the county court of the county of Albany entered in the former action, reversing the judgment of the city court, is a bar to the present suit.

The county court of Albany has no power to grant a new trial upon reversing a justice's judgment, except in cases where the defendant fails to appear in the lower court, as provided in section 3064 of the Code of Civil Procedure; and, as this is not such a case, the court is limited to the powers granted it by section 3063 of the Code, which provides for the judgment to be rendered by the county court on appeals from judgments of courts of justices of the peace where a new trial is not demanded in the appellate court. The section reads as follows:

"The appellate court must render judgment according to the justice of the case without regard to technical errors or defects which do not affect the

merits. It may affirm or reverse the judgment of the justice in whole or in part and as to any or all of the parties and for errors of law or of fact."

It was formerly considered as within the power of the appellate court, under the corresponding section of the old Code, to pronounce judgment on the merits by awarding final judgment in favor of the plaintiff and against the defendant, or vice versa; but that idea has long since been abandoned, and the appellate court is now limited to an affirmation or reversal of the judgment of the justice, in whole or in part, as provided by section 3063 of the Code. Boyd v. Disbrow, 58 How. Pr. 399. It is true, as a general proposition, that "the reversal of a judgment by any competent authority restores the parties litigant to the same condition in which they were prior to its rendition. The judment reversed becomes mere waste paper, and the parties to it are allowed to proceed in the court below." Freem. Judgm. § 481. "Where a judgment is reversed, then the adjudication therein concludes no one, and it is not an estoppel or a bar in any sense." Loeb v. Willis, 100 N. Y. 235, 3 N. E. 177. See, also, Smith v. Frankfield, 77 N. Y. 414. That rule of law is correct when applied to courts of general jurisdiction, and also when the county court, on appeal, where no new trial is demanded, under its special Code powers reverses a judgment of the lower court, and it appears that the reversal was upon technical grounds, or to correct an error of law or fact. Then the judgment of reversal is no bar to a new action between the same parties on the same cause of action. See Hardy v. Seelye, 1 Hilt. 90; Anon., 9 Wend. 503. But the converse of the proposition is equally true,—that if it appears that the judgment of reversal is predicated on the merits (Hunt v. Improvement Co., 1 Hilt. 164), or involved in the merits (Onderdonk v. Ranlett, 3 Hill, 323), it is an absolute bar to a new action between the parties on the cause of action passed upon in the former suit. To rule otherwise would deprive the county court of its absolute power to render judgment according to the justice of the case, and on the merits, which section 3063 of the Code affirmatively gives it. Houghtaling v. Lloyd (Sup.) 15 N. Y. Supp. 424; Tuttle v. Dennis Sup.) 11 N. Y. Supp. 602; Purdy v. Dinkle (Sup.) 6 N. Y. Supp. 158; Bump v. Dehany (Sup.) 12 N. Y. Supp. 901; Greene v. Walton (Sup.) 13 N. Y. Supp. 147. Boyd v. Disbrow, 58 How. Pr. 399, is an authority for the proposition that a judgment of reversal made by an appellate court of a judgment of a justice's court is the only form of judgment it can render. Where the court says in that case "that the general term does not and cannot render a final judgment" in favor of the successful party, it refers to the form, and not to the effect, of the judgment, but it holds that, as far as the costs are concerned, a judgment of reversal is as effectual as would be a final judgment in favor of the party who ought to have succeeded in the court below. It is clear on authority that if the judgment of the city court in the first suit was reversed on appeal by the county court on the merits, the judgment of the county court is an absolute bar to the present action. It appears from the record in evidence that the judgment of the county court was

rendered on the merits, or involved the merits. Its memorandum reads, "No liability shown on the trial against defendant." The order and judgment of the county court recites that the court examined the return, the exhibits, testimony, and other matter included in the return, and considered the same, and found that no cause of action was shown on the trial against the defendant therein; and its judgment so rendered is a judgment on the merits. Mannion v. Railroad Co. (Sup.) 13 N. Y. Supp. 759; Black, Judgm. §§ 693, 694. It is elementary that a judgment on the merits is a bar to a subsequent suit upon the same cause of action; that the record may be searched to show such an adjudication; and that, if nothing appears in the record, the presumption of law is that it was rendered on the merits, and the burden of proving the contrary is on him who alleges it was not so rendered. Id. § 724. When a party tries an action, it is presumed that he offers all the evidence he has, and a judgment on the testimony offered is a bar to all subsequent actions between the same parties on the same cause of action, even though other evidence be discovered, unless application is made to the court to open the judgment and allow the action to be revived. If it be permitted, the rule is preserved in its integrity, for then there is no judgment to be pleaded as a bar, or where the judgment is reversed on appeal for error. On the merits of the case plaintiff is entitled to a judgment for the sum of $250 and interest, amounting to $39.37,—in all to $289.37,— against the defendant, and I expressly decide that but for the plea and bar of the judgment of the county court in the former suit I would render judgment in favor of the plaintiff and against the defendant for the sum of $289.37. For the sole reason that the judgment of the county court reversing the judgment of the city court was on the merits of the former action, I render judgment for the defendant. Judgment for defendant.