THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v. SAM FADEN, Appellant. (Seven Cases.)

(Argued May 27, 1936; decided July 8, 1936.)

*Rudolph Stand* for appellant.

*William Copeland Dodge*, District Attorney (*Jacob J. Rosenblum*, *Thomas E. Dewey* and *Stanley H. Fuld* of counsel), for respondent.

CRANE, Ch. J. Eight informations were filed in the Court of Special Sessions by the District Attorney of New York county against this defendant. There are seven judgments of conviction against him, one of the informations having been dismissed. The first information contained two counts, the first count charging the defendant with violation of section 340 of the Banking Law (Cons. Laws, ch. 2) and the second count with violation of section 357. On both of these counts he was convicted. In the other six informations he was charged with violating section 357 of the Banking Law, which appeared as the second count in these informations, the first count, charging the violation of section 340, having been dismissed.

These sections pertain to making usurious loans of money in less than three hundred dollar amounts. Section 340 covers the doing of business without a license, and has no relation to specific loans. It reads as follows:

" § 340. Doing business without license prohibited. No person, co-partnership, association, or corporation shall engage in the business of making loans of money, credit, goods, or things in action in the amount or of the value of three hundred dollars or less and charge, contract for, or receive a greater rate of interest, discount, or consideration therefor than the lender would be permitted by law to charge if he were not a licensee hereunder except as authorized by this article and without first obtaining a license from the superintendent of banks."

Section 357 relates to the individual transaction of loaning money at usurious rates of interest and reads in part as follows:

" § 357. Restrictions on loans of three hundred dollars or less by non-licensees, interest; other charges; when unenforceable. No person, co-partnership, association,

or corporation, except as authorized by this article, shall directly or indirectly charge, contract for, or receive any interest, discount, or consideration greater than the lender would be permitted by law to charge if he were not a licensee hereunder upon the loan, use, or forbearance of money, goods, or things in action, or upon the loan, use, or sale of credit of the amount or value of three hundred dollars or less."

The violation of these sections is made a misdemeanor by section 358.

In the first information the defendant was alleged to have loaned money to one Herman Alexander. His name alone appears in the first and second count, and the evidence to show other transactions brought in the names of borrowers Fisher and Zaslow. These names were not mentioned in the other informations, which alleged separate and distinct transactions. The second information named Ocea J. Coyle, the third Harold D. Holmes, the fourth Herman Weiner, the fifth Alexander Stein, the sixth Joseph Fund and the seventh Hyman Eisenberg. These informations were tried one after the other. At the end of each case or trial the defendant was convicted but not sentenced. Each trial seems to have been completed as a separate, distinct trial, but judgment was not passed upon the defendant until the end of the last case, when he was sentenced as follows: On information No. 13336 he was sentenced to a term of one year; on information No. 13431 he was sentenced for a term of one year, not to run concurrently with the other sentence, but consecutively; on information No. 13645 he was sentenced to one year in the penitentiary, not to run concurrently, but consecutively; and on the other four cases he was sentenced to one year each, the sentences to run concurrently with the sentence imposed on information No. 13645. Thus, the defendant was sentenced to three years in the penitentiary.

The Special Sessions is a court of limited jurisdiction within the city of New York, dealing solely with misde-

meanors. The maximum punishment for a misdemeanor is one year in the penitentiary and five hundred dollars fine.

The defendant, on his appeal to this court, insists that, having been convicted of doing business in violation of section 340 of the Banking Law, he cannot be convicted of violating section 357 for having loaned money at usurious rates in individual or specific cases. There is some force in his argument, especially when we consider that by multiplying the informations for individual loans the Special Sessions might have it in its power to imprison a man in the penitentiary for as long a term as a court in felony cases could sentence to a State prison. In this case the court sentenced the defendant to three years. Section 2190 of the Penal Law reads as follows: " Where a person is convicted of two or more offenses, before sentence has been pronounced upon him for either offense, the imprisonment, to which he is sentenced upon the second or other subsequent conviction, must commence at the termination of the first or other prior term or terms of imprisonment, to which he is sentenced." (See *People* v. *Ingber*, 248 N. Y. 302.) The Special Sessions judges did not follow this section for then the imprisonment would have been seven years, if they had determined to give one year for each offense. Permitting sentences to run concurrently did not come into the law until April 9, 1936. (L. 1936, ch. 328.) Of course the defendant is not complaining that he was not imprisoned for a long enough term, and the Special Sessions had the power on any one of these informations to suspend sentence or make it a day in jail. The fact, however, that the judges fixed a year for each offense and made the term concurrent with the previous sentence indicates at least that they desired to limit the continuity of such prosecutions. The sentences were imposed by the Special Sessions for innumerable offenses of like nature, all of which at least when lumped together constitute but one misdemeanor

under section 340 of the Banking Law — the doing of such loan business without a license.

While we can find no legal error upon which to reverse these cases, yet we share the feeling of the dissenting judges in the Appellate Division to the extent of calling attention to the condition of our law and the abuse which may result from this practice of multiplying the trials of offenses of like nature. As early as *People ex rel. Tweed* v. *Liscomb* (60 N. Y. 559) this court held that where an indictment contained two hundred and twenty separate and distinct counts, each charging a misdemeanor, and the defendant was found guilty upon two hundred and four of them, there could be but one sentence for one misdemeanor, of a year's imprisonment and a fine. ALLEN, J., in the opinion said, regarding 2 Revised Statutes, 700, section 11, the forerunner of our present section 2190: " This statute has respect to separate convictions upon distinct trials, and neither affirms or disaffirms the practice pursued in this case, and does not sustain it by implication or otherwise. The legislature had in their minds, evidently, convictions at different times, and cases in which judgment might be pronounced upon one conviction, before others were had; that is, convictions upon independent trials, on distinct indictments at the same terms of the court, or before sentence should be pronounced upon either. It is to such cases, and such only, that the statute has hitherto been deemed applicable " (p. 575).

And Judge RAPALLO, in his concurring opinion, said: " * * * I am of opinion that, upon any indictment for misdemeanor, no matter how many counts it may contain, or whatever may be the form of the verdict, the power of the court to sentence is restricted, as in cases of felony, to the maximum punishment allowed by statute for the highest offense charged in the indictment; and that separate and cumulative punishments can only be secured by separate indictments and trials for each offense " (p. 603).

In this case which we now have here on appeal there have been separate informations filed for each offense and there have been separate trials and separate judgments of convictions, together with separate sentences. The *Tweed* case is, therefore, not an authority for the appellant's position, although the reasoning and the views expressed regarding these cumulative sentences for like acts constituting separate misdemeanors have incited us to give a word of warning where the same result is accomplished by separate informations, separate trials and separate judgments one right after the other, before the same triers of fact, as in this case. The practice is not to be encouraged.

However, we cannot find that under the present law there is legal error calling for reversal. Section 340 consists in doing business of making usurious loans of $300 or under, without a license. The offense was proved against this defendant. It might have been proved in many ways, but in this case it was proved by showing transactions with one Alexander and also Fisher or his partner Zaslow. The other informations, as detailed above, relate to other individuals and other times and circumstances. None of the evidence related to the transactions referred to in the first information. That all these instances taken together would constitute a violation of section 340 is no reason why they should not be charged as violations of section 357 and prosecuted separately as such. For instance, if there had been no information under section 340 of the Banking Law and there had existed only these six informations for violations of section 357, no one would object to any or all of them being tried at separate times. How many should be tried would rest in the good judgment of the court or the prosecuting attorney. Therefore, the filing of an information under section 340 — the doing of business — would not wipe out these other informations under section 357 or prevent the trial thereof. Especially would

this be so when the instances under section 357 were not used as evidence to prove the violation of section 340.

The cases support this conclusion. (*People* v. *Dewey*, 11 N. Y. Supp. 602; affd., 128 N. Y. 606.) Where the offenses are distinct crimes, though part of one transaction, a conviction or acquittal of one is not a bar to a prosecution on the other. (*Commonwealth* v. *Rody*, 12 Pick. 496; *Burns & Cary* v. *People*, 1 Park. Crim. Rep. 182; *Burton* v. *United States*, 202 U. S. 344.) In *State* v. *Maher* (35 Me. 225) the Supreme Court of that State said: "The indictment and conviction of the defendant as a common seller [of liquor], embracing the time in which this offence is charged, are no objection to this prosecution, for they are different offences. The violation of the law in a single case is an offence; where there is evidence of several violations, they show another and more aggravated one of being a common seller, which implies a general and continued breach of the law." To the same effect, see *Hill* v. *State* (79 Tex. Cr. Rep. 555). In *Commonwealth* v. *Hogan* (97 Mass. 122) the court said: "The offence of maintaining a common nuisance by keeping a tenement used for the illegal sale of intoxicating liquor, is a wholly distinct offence from that of the sale of such liquors; and the conviction of one is no bar to a conviction of the other, although evidence of the same sales of liquor may be relied on to prove each. The seller of liquor is punishable. The keeper of the tenement used for the illegal sale is punishable. If the seller and the keeper is the same person, then that person commits both offences and incurs both penalties." (*Parshall* v. *State* (62 Tex. Cr. Rep. 177) involved the specific act of gambling, which is a crime, and the crime of engaging in the occupation of a gambler.

We are of the opinion, for the reasons above stated, that a violation of either section 340 or of section 357 of the Banking Law constitutes a distinct crime, and that a conviction under section 340 does not bar prosecutions under the other informations. We need not take up the

second count in the first information, which charged the violation of both sections 340 and 357 in separate counts, by doing business with, and making usurious loans to, the same person, because the conviction on the first count would be sufficient to sustain the judgment even if the second count were bad. (*People* v. *Cummins*, 209 N. Y. 283, 296; *People* v. *Davis*, 56 N. Y. 95, 100.)

In each action the judgment should be affirmed.

LEHMAN, HUBBS, CROUCH and LOUGHRAN, JJ., concur; O'BRIEN and FINCH, JJ., concur in result.

Judgments affirmed.