THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HARRY LANZA, Appellant.

First Department, April 21, 1960.

*Jacob D. Fuchsberg* of counsel (*Leo Pfeffer* with him on the brief; *Michael P. Direnzo,* attorney), for appellant.

*Richard G. Denzer* of counsel (*Frank S. Hogan, District Attorney*), for respondent.

*Emanuel Redfield* for New York Civil Liberties Union, *amicus curiæ.*

McNALLY, J. This is an appeal from a judgment of the Court of General Sessions convicting defendant after a nonjury trial on 19 counts of refusing to testify (Penal Law, § 1330) and imposing a sentence of one year of imprisonment in the Penitentiary of the City of New York on each count. The sentences imposed are consecutive as to each of 10 counts, and the remaining sentences are required to be served concurrently with the consecutive ones.

Defendant's brother, Joseph Lanza, was arrested for violation of parole in February, 1957, and was restored to parole during the same month by a Commissioner of the State Division of Parole. In June, 1957 the Joint Legislative Committee on Government Operations of the New York State Legislature was investigating the circumstances relating to the said arrest and restoration of parole. Defendant was summoned as a witness and at a hearing held on June 19, 1957 the committee offered him immunity from any prosecution which might result from his testimony and asked him a number of questions relating to efforts on his part to obtain his brother's restoration to parole and concerning a conversation between them apparently dealing with that subject. Despite the immunity offer and the committee's

directions, defendant refused to answer any and all of the questions and assigned as ground for his refusals the privilege against self incrimination. As a result of 19 such refusals the indictment followed.

Defendant attacks the judgment on four grounds: (1) the action of the State officials in causing the conversations between defendant and his brother to be electronically intercepted and recorded in the Westchester County Jail was immoral and reprehensible; (2) the questions put to defendant were not " proper " within the purview of section 1330 of the Penal Law; (3) the People failed to prove beyond a reasonable doubt that defendant's failure to answer was willful; and (4) he was improperly convicted of 19 crimes; that only a single crime is involved and only one sentence may be imposed; in any event, the sentence is excessive.

In support of defendant's first contention, he adverts to the following facts. During the days immediately after Joseph Lanza's arrest for parole violation and while he was detained in an institution known as Eastview Prison in Westchester County, he had engaged in various conversations in one of the prison rooms with the defendant, with other relatives and with an attorney; that some of the conversations had been intercepted and recorded by a concealed mechanical device placed there by certain law enforcement officials other than the legislative committee. Included among the recorded conversations was one between defendant and his brother on February 13, 1957, which was the source of the questions asked of the defendant on June 19, 1957.

The said recorded conversations have been the subject of two cases decided by this court. In one the court refused to enjoin the present legislative committee from making public the conversation (*Lanza v. New York State Joint Legis. Committee,* 3 A D 2d 531, affd. 3 N Y 2d 92); in the other it was held that the attorney was not in contempt for refusing to answer before the State Commissioner of Investigation questions stemming from the recorded confidential talk. (*Matter of Reuter [Cosentino],* 4 A D 2d 252.) Those cases related to the attorney-client privilege and did not deal with the legality of the use of the evidence obtained by mechanical eavesdropping.

The interception and recording of the conversations had with Joseph Lanza occurred prior to the enactment of section 738 of the Penal Law and sections 813-a and 813-b of the Code of Criminal Procedure and were not then illegal. Defendant, nevertheless, argues the improprieties attending the interception and recording serve to make the questions propounded to

the defendant improper within the meaning of the statute (Penal Law, § 1330).

The materiality and propriety of any question within the scope of section 1330 is to be determined by its pertinency in the light of the subject matter of the inquiry before the committee. (*People* v. *Sharp,* 107 N. Y. 427, 455–456.) It is not nor can it be asserted that the questions underlying the counts herein were irrelevant on the subject matter of the committee's investigation.

It may be assumed that the interception and recording of the conversation between defendant and his brother were reprehensible and offensive. Material evidence obtained by illegal means is nevertheless admissible. (*People* v. *Richter's Jewelers,* 291 N. Y. 161; *People* v. *Defore,* 242 N. Y. 13, cert. denied 270 U. S. 657; *People* v. *Adams,* 176 N. Y. 351, affd. 192 U. S. 585; *People* v. *Variano,* 5 N Y 2d 391, 394; *People* v. *Dinan,* 7 A D 2d 119, affd. 6 N Y 2d 715.)

Defendant's reliance upon *Matter of Reuter (Cosentino) (supra)* and *Lanza* v. *New York State Legis. Committee (supra)* is misplaced. *Reuter* involved the privilege of attorney and client not here invoked. *Lanza* involved the same privilege and held it did not prevent publication by a third party of intercepted confidential matter passing between attorney and client.

Cases relied on by defendant involving compulsory incriminating testimony such as *Leyra* v. *Denno* (347 U. S. 556) and *Rochin* v. *California* (342 U. S. 165) are beside the point. The constitutional privilege against self incrimination is satisfied by statutory immunity coextensive therewith. Testimony compelled by virtue of a grant of immunity is not within the ambit of the constitutional privilege. (*People* v. *Sharp,* 107 N. Y. 427, *supra*; *Matter of Knapp* v. *Schweitzer,* 2 N Y 2d 913, affd. 357 U. S. 371.) The legislative committee was engaged in an investigation of matters including the detection and prevention of corrupt practices within the ambit of article 34 of the Penal Law which pertains to bribery and corruption. Section 381 thereof provides for compulsory testimony and immunity from prosecution on account of any matter or thing concerning which a witness testifies and proscribes the use of such evidence against him. The defendant was offered the immunity and thereby accorded the protection afforded by the constitutional privilege.

Defendant's reliance upon advice of counsel and his belief that he had a right to refuse to answer the questions does not preclude his conviction of the crimes here involved. Willfulness

was found by the trial court as a matter of fact and the record fully supports the finding.

We turn now to other grounds urged for reversal. Defendant argues the indictment alleges only a single crime, and, in addition, the sentence is excessive. Defendant seeks to equate his refusals to testify with a refusal to appear or a refusal to be sworn. We are not here concerned with the latter crimes. Defendant did appear and was sworn; we need not speculate on the effect of his failure to do either. Moreover, it is clear that each willful refusal to testify on any separate subject constitutes a separate crime and will support the imposition of as many consecutive sentences as there are separate subjects. (*People* v. *Saperstein*, 2 N Y 2d 210.) However, we are of the opinion, in the light of the circumstances and the absence of any prior criminal record on the part of the defendant, that the total sentence imposed was excessive and that the sentences should have been made to run concurrently with each other.

It may well be that the refusals to testify here involved relate broadly to only two separate subjects, the defendant's efforts towards bringing about his brother's release on parole and the conversation had on February 13, 1957 between defendant and his brother. Whether thereby the defendant's 19 refusals to testify as alleged in this indictment constitute only two separate crimes or more, we do not now decide, since the conviction on any one count is sufficient to sustain the sentence as hereby modified. (*People* v. *Faden*, 271 N. Y. 435, 444-445.)

The judgment of conviction should be modified, on the law, on the facts and in the exercise of discretion, by directing that the penitentiary sentences imposed are to run concurrently and not consecutively, and, as so modified, affirmed.

Breitel, P. J., Rabin, Valente and Stevens, JJ., concur.

Judgment unanimously modified, on the law, on the facts and in the exercise of discretion, by directing that the penitentiary sentences imposed are to run concurrently and not consecutively, and, as so modified, affirmed.