■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL JASPER BOYD, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered May 1, 1970, convicting him of robbery in the third degree and menacing, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and indictment dismissed. On April 11, 1968 defendant was separately indicted for attempted rape in the first degree (273/68) and for robbery and grand larceny, both in the third degree, and menacing (272/68). He was arraigned on April 17, 1968 and at his request was given 30 days within which to make motions. He moved to inspect the Grand Jury minutes or, in the alternative, to dismiss the indictments. By decision dated July 23, 1968 the motion was granted as to indictment 273/68 but was denied as to the other indictment. The People did not notice an order for settlement until October 31, 1968. The order was thereafter signed and was entered on November 18, 1968. The People appealed to this court but did not perfect their appeal until August 28, 1969. On December 22, 1969 the order dismissing the attempted rape indictment (273/68) was affirmed (*People* v. *Boyd*, 33 A D 2d 895). Meanwhile defendant had moved to dismiss the robbery indictment (272/68) for want of prosecution. This motion was denied, as was also a subsequent motion for the same relief, made in February, 1970, on the eve of the trial. After trial the jury found defendant guilty of robbery in the third degree and menacing and he now appeals from the judgment of conviction rendered thereon. We find no error in connection with the trial or with defendant's conviction. However, this appeal brings up for review the propriety of the orders denying his motions to dismiss the indictment for failure to prosecute. Except for the initial period of 30 days to make motions and except for a one-month adjournment of the appeal at the request of defendant's counsel, the 20-month period between the indictment and the affirmance on appeal was due solely to the inaction of the District Attorney. To explain their failure to promptly move the robbery indictment to trial, the People asserted it would be appropriate to try both indictments together, since the crimes alleged therein involved the same set of circumstances, and that to try the robbery indictment during the pendency of the appeal involving the attempted rape indictment would mean that, in the event this court reversed and reinstated that indictment, defendant's prior acquittal or conviction under the robbery indictment would

provide him with the defense of double jeopardy with respect to the attempted rape indictment. In denying the motions to dismiss, the court held that the case was proceeding in accordance with due process of law and that defendant, by his successful motion to dismiss the attempted rape indictment, in effect postponed the trial of the robbery indictment upon his application and brought on the dilemma which resulted from the possible defense of double jeopardy. We do not agree. Attempted rape is an offense distinct from robbery and hence conviction or acquittal of the one does not bar prosecution of the other (see People v. Faden, 271 N. Y. 435, 443; Paperno & Goldstein, Criminal Procedure in New York, § 242, p. 418). There was no basis in law for a defense of double jeopardy in this case and consequently the People's excuse for their delay in prosecuting the robbery indictment was not valid. The obligation is on the prosecutor to move the trial promptly and no demand by the accused is required to actuate this obligation (People v. Prosser, 309 N. Y. 353; People v. Masselli, 13 N Y 2d 1, 6; People v. Darrah, 29 A D 2d 816). What is an unreasonable delay is a question of degree affected by the circumstances of the particular case. Long delays in the prosecution of criminal cases not only affect adversely the rights of the individual accused but have consequences which reflect on the efficiency and fairness of the criminal law (People v. Minicone, 28 N Y 2d 279). Here the period of delay due solely to the inaction of the People was at least 13 months at the time of the first motion to dismiss for want of prosecution and at least 18 months at the time of the second motion. Inasmuch as this delay was due solely to the inaction of the People, and because of the failure of the People to offer any valid excuse therefor, defendant was denied his right to a speedy trial. The judgment should therefore be reversed and the indictment dismissed (see People v. Minicone, supra; People v. Wallace, 26 N Y 2d 371, 374; People v. Agoglia, 35 A D 2d 583; People v. Sylvester, 29 A D 2d 985). Rabin, P. J., Hopkins, Munder, Martuscello and Brennan, JJ., concur.