■ In the Matter of JOHN COVINGTON, Petitioner, v. SUPREME COURT OF THE STATE OF NEW YORK, CRIMINAL TERM, COUNTY OF KINGS, et al., Respondents.— In this proceeding in the nature of prohibition, under article 78 of the CPLR, petitioner seeks to restrain the Supreme Court, Kings County; the Criminal Term, and the Justices thereof; and the District Attorney of Kings County, from trying him on an indictment charging him with assault in the second degree and assault in the third degree. Proceeding dismissed, without costs. On March 11, 1964 three complaints were filed against defendant: (1) Docket No. 2288 — felonious assault (Penal Law, § 242) and carrying and use of a razor blade (Penal Law, § 1897); (2) Docket No. 2289 — resisting a public officer (Penal Law, § 1851); (3) Docket No. 2290 — disorderly conduct. On March 18, 1964 defendant pleaded guilty to disorderly conduct (docket No. 2290) and, through counsel, requested a hearing upon the other two complaints, docket numbers 2288 and 2289, for felonious assault and resisting a public officer. The Judge before whom defendant pleaded guilty directed defendant to go before another Judge for disposition of such other two complaints. There was a hearing on those two complaints, at the conclusion of which motions to dismiss were made only on the ground that the People failed to prove a prima facie case; the motions were denied. On March 31, 1964 defendant was indicted on two counts of assault in the second degree and one count of assault in the third degree. In

our opinion, the charges of felonious assault and resisting a public officer, contained in dockets 2288 and 2289, were entirely separate and distinct from the disorderly conduct charge contained in docket No. 2290. Under the circumstances, there was no double jeopardy as a matter of fact. Nor was there any double jeopardy as a matter of law. The test of double jeopardy is not whether the "defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other" (*Morey* v. *Commonwealth,* 108 Mass. 433, 434, cited with approval in *People* v. *Skarczewski,* 178 Misc. 160, affd. 287 N. Y. 826). Assuming that the act of cutting the officer's ear with the razor blade was the basis of the charge of disorderly conduct (and, in our opinion, it was not), nevertheless the charge of felonious assault requires proof of the additional fact of specific intent to inflict grievous bodily harm (*People* v. *Katz,* 290 N. Y. 361), whereas the charge of disorderly conduct requires no such proof. Hence, as a matter of law, it must be held that there was no double jeopardy. Beldock, P. J., Ughetta and Brennan, JJ., concur; Christ and Hill, JJ., dissent and vote to grant judgment in favor of petitioner, with the following memorandum: The disorderly conduct charge, under section 722 of the Penal Law, alleged that that offense was committed by defendant in several ways. One of the ways alleged was by the defendant cutting the complaining police officer about an ear with a razor blade, although all of the acts alleged involved a breach of the peace. Since defendant pleaded guilty to the whole complaint, there can be no escape from the fact that such cutting was an integral part of the prosecution. The plea simply rendered proof of the allegation of the cutting unnecessary (*People* v. *Mason,* 307 N. Y. 570, 575; *People ex rel. Carr* v. *Martin,* 286 N. Y. 27, 32). However, proof of no act other than the cutting of the officer with the razor blade would be essential to support a conviction of assault in the second degree under subdivisions 4 and 5 of section 242 of the Penal Law, or assault in the third degree under subdivision 1 of section 244 of the Penal Law. Accordingly, prosecution on the assault charges would subject defendant to double jeopardy, within the intendment and in violation of the constitutional prohibition (N. Y. Const., art. I, § 6; cf. *People ex rel. Ticineto* v. *Brewster,* 241 App. Div. 467; *People* v. *Afarian,* 196 Misc. 63).