Per Curiam.

The test of double jeopardy is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. A simple act may be an offense against two statutes, and if one statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other (Matter of Covington v. Supreme Ct. of State of N. Y., 21 A D 2d 822, affd. 15 N Y 2d 855). The application of this test to the case at bar makes it evident that the defendants herein were not *741 subjected to double jeopardy. Defendants were tried and convicted of loitering under subdivision 9 of section 240.35 of the Penal Law after dismissal on People’s own motion of a charge of unlawfully possessing a dangerous drug in violation of section 220.05 of the Penal Law, arising out of the same incident. Actual possession of a dangerous drug, while an essential element for conviction under section 220.05 of the Penal Law need not be proved under subdivision 9 of section 240.35 of the Penal Law. The latter provision merely requires proof that the defendant remained or loitered in a place “ for the purpose of unlawfully using or possessing a dangerous drug”. Actual possession of the drug is therefore not a necessary element under subdivision 9 of section 240.35.
The judgments of conviction should be affirmed.
Concur — Hogan, P. J., Coyle and Gulotta, JJ.
Judgments affirmed.