John S. Lockman, J.
The defendant, by his attorney, applies to the court for an order dismissing indictment No. 42884 which accuses him of criminal possession of a forged instrument in the second degree (two counts) and dismissing the first count of indictment No. 42647 which accuses him of *178 criminal possession of stolen property in the first degree. The defendant contends that the prosecution of these charges would constitute a second prosecution in violation of CPL 40.20 and section 165.60 of the Penal Law.
On April 18, 1975 in the County of Queens one Irving Hecht was assaulted and robbed. Among the items taken were a 1970 Cadillac, a wallet and four blank checks. Mr. Hecht’s signature was forged on two of the checks which bore the date April 18, 1975 and which were presented for payment. On May 3, 1975 the defendant was apprehended in the County of Nassau while operating the vehicle stolen from Mr. Hecht. The defendant was indicted in Queens County for robbery in the first degree and assault in the second degree arising out of the events on April 18, 1975. In Nassau he was accused under indictment No. 42884 of criminal possession of the forged checks (second degree, two counts) and under indictment No. 42647 of criminal possession of the Cadillac (first degree) together with certain traffic offenses not here relevant. The defendant was convicted on both Queens charges after a jury trial.
CPL 40.20 (subd 2) upon which the defendant relies provides, insofar as it is relevant, as follows:
"A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless:
"(a) The offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other; or
"(b) Each of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil; or”. CPL 40.10 (subd 2) defines the term "criminal transaction” to mean: "conduct which establishes at least one offense, and which is comprised of two or more or a group of acts either (a) so closely related and connected in point of time or circumstance of commission as to constitute a single criminal incident, or (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture.” The court has examined the Nassau Grand Jury minutes and Queens trial transcript. For reasons which shall become evident the court will consider only whether prosecution of the forged instrument charges would violate CPL 40.20.
The theft of the checks and possession of them after they *179 were forged though related in time are not connected in circumstance. (CPL 40.10, subd 2, par [a].) Certainly the forgery and subsequent possession did not take place at the scene of the robbery and assault. Nor is there evidence that the motive for the robbery was to obtain blank checks and thus the court cannot say that the offenses are "so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture.” (CPL 40.10, subd 2, par [b].) Even if the robbery, assault and possession of forged instrument all constituted a single criminal transaction, still separate prosecutions would not be prohibited by CPL 40.20. The offenses have substantially different elements and the acts establishing one are in the main distinguishable from those establishing the other. (CPL 40.20, subd 2, par [a].) Moreover, each offense contains an element which is not an element of the other and the statutes defining the crimes are intended to prevent very different kinds of harm. (CPL 40.20, subd 2, par |b].)
Count one of indictment No. 42647 poses a different problem. It accuses the defendant of possessing the same automobile which he was convicted of stealing in Queens. Subdivision 2 of section 165.60 of the Penal Law provides that a person may not be convicted of both larceny and criminal possession of stolen property with respect to the same property. Inasmuch as the defendant has been convicted of the larceny in Queens, he cannot be convicted of the possession in Nassau.
All parties having been heard upon the motion, the court grants the defendant’s application to the extent that count one of indictment No. 42467 which charges the crime of criminal possession of stolen property in the first degree is dismissed on the ground that there exists a legal impediment to conviction of the defendant on that charge. (CPL 210.20, subd 1, par [h]; Penal Law, § 165.60, subd 2.) In all other respects, the motion is denied.