Max H. Galfunt, J.
The defendants move to suppress certain evidence which the People seek to introduce at the present trial. The defendants presently are being tried for obscenity. The defendants contend that the People are estopped from introducing the evidence of alleged acts of sodomy due to a prior acquittal of the defendants on a charge of consensual sodomy. The point raised by the defense appears to be unique in this jurisdiction.
The factual pattern of the situation evolved as follows:
The defendants were initially tried on the charges of consensual sodomy (Penal Law, § 130.38) and promotion of obscenity[1] (Penal Law, § 235.05, subd 2). These charges arose from one performance of a show in which the defendants were participants. The defendants were subsequently tried. On the issue of consensual sodomy, the defendants were acquitted; on the charge of promoting obscenity, a hung jury resulted.
Thus the defendants are now in the process of being retried on the offense of promoting obscenity. At the present trial, the prosecution will seek to introduce evidence that would include testimony regarding the alleged acts of sodomy.
The defense claims that due to the acquittal on the charge of consensual sodomy in the initial trial, introduction into evidence of a description of the alleged sodomous acts is improper. The defense also alleges that introduction should be barred on the basis of double jeopardy and collateral estoppel.
A brief discussion will readily demonstrate that the offenses with which the defendants are charged are two separate offenses.
*274 A person is guilty of consensual sodomy "when he engages in deviate sexual intercourse with another person” (Penal Law, § 130.38).
"Deviate sexual intercourse” can be defined as sexual conduct between two persons consisting of contact between the penis and the anus, the mouth and penis, or the mouth and the vulva (Penal Law, § 130.00, subd 2). Such conduct is consensual sodomy, the charge upon which the defendants were acquitted.
A person is guilty of obscenity in the second degree when, knowing its content and character, he "produces, presents or directs an obscene performance or participates in a portion thereof which is obscene or which contributes to its obscenity” (Penal Law, § 235.05, subd 2).
The definition of "obscene” is' found in subdivision 1 of section 235.00 of the Penal Law, and states as follows: "Any material or performance is 'obscene’ if (a) the average person, applying contemporary community standards, would find that considered as a whole, its predominant appeal is to the prurient interest in sex, and, (b) it depicts or describes in a patently offensive manner, actual or simulated: sexual intercourse, sodomy, sexual bestiality, masturbation, sadism, masochism, excretion or lewd exhibition of the genitals, and (c) considered as a whole, it lacks serious literary, artistic, political, and scientific value. Predominant appeal shall be judged with reference to ordinary adults unless it appears from the character of the material or the circumstances of its dissemination to be designed for children or other specially susceptible audience.” (Emphasis added.)
Therefore, the elements of obscenity in the second degree consist of knowledge of the contents of an obscene performance (i.e., one that contains the three elements contained in the definition) along with participation in a portion of such a performance.
Consensual sodomy consists of consenting adults engaging in deviate sexual intercourse. Therefore, it can be readily seen that consensual sodomy and promoting obscenity consist of differing elements and are two separate and distinct crimes.[2]
*275 In the defendant’s memorandum of law, the contention is made that acquittal of a lesser included offense bars prosecution of the greater offense. This court will not disagree.
There is no question of the doctrine of collateral estoppel applying in criminal cases (United States v Oppenheimer, 242 US 85; Sealfon v United States, 332 US 575). Collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit (Ashe v Swenson, 397 US 436; Matter of McGrath v Gold, 36 NY2d 406; People v Cunningham, 62 Misc 2d 515).
There is no question here of relitigating consensual sodomy. This court has no quarrel with the concept behind estoppel— that once fairly tried, an issue resolved should not be subject to retrial. The thrust of collateral estoppel is that conviction (or decision) is conclusive proof of the same facts implicated in the prior litigation (Read v Sacco, 49 AD2d 471).
The prior decision of acquittal on the consensual sodomy charge was not a statement to the effect that the defendants did not perform certain acts. The acquittal said, in effect, that the evidence presented by the People, including testimony as to the defendants’ performance, did not, in the opinion of the jury, constitute the offense of consensual sodomy. How the jury reached that determination is not known (whether it did not believe the defendants did the acts, or believed the acts did not constitute the specific offense charged).
The situation presently before this court is analogous to Commonwealth v Moon (30 AD2d 704 [Penn]). The court there held that a formal acquittal of a charge of adultery did not constitute a bar to a prosecution for assault and battery with intent to ravish, although the latter charge was based on the same act as that involved in the former prosecution. The court reasoned that the prior judgment of acquittal in the former prosecution did not negate the facts which were the basis of the second prosecution, and there was no fact involved in the former prosecution that was essential to a conviction in the latter case.
Justice Holmes, in United States v Oppenheimer (242 US 85, 88, supra), set forth the equitable framework in which the doctrine should be considered: " 'Where a criminal charge has been adjudicated upon by a court * * * [the] adjudication, whether it takes the form of an acquittal or conviction, is final *276 as to the matter so adjudicated upon, and may be pleaded as a bar to any subsequent prosecution for the same offense * * *. In this respect the criminal law is in unison with that which prevails in civil proceedings’ (Emphasis added.)
It has not been shown that the facts presented sub judice have already been fully tried and are necessary to the judgment in the earlier trial (see Sealfon v United States, 332 US 578, supra).
The defendants also contend that the evidence in question to be presented would place the defendant in double jeopardy. Collateral estoppel differs fundamentally from double jeopardy. Double jeopardy is based on the Bill of Rights of the Constitution of the United States and in the Constitution of the State of New York, i.e., the Fifth Amendment to the United States Constitution and section 6 of article I of the New York State Constitution, as well as in CPL article 40. Collateral estoppel has no such constitutional or legal basis. Collateral estoppel is a procedural concept; a rule of evidence (Abbate v United States, 359 US 187).
The Fifth Amendment of the United States Constitution provides that no "person be subject for the same offence to be twice put in jeopardy of life or limb.” Of course, this phrase indicates that no person may be reprosecuted after a judgment of acquittal or conviction (cf. North Carolina v Pearce, 395 US 711).
It is well established that jeopardy attaches in jury trials when a jury is impaneled and sworn, and in nonjury trials when the court begins to hear evidence (Serfass v United States, 420 US 377). Once jeopardy has attached, the prosecution is barred from a second opportunity to convict the accused, unless a retrial can be justified under an exception to the double jeopardy rule.
The test is whether the initial trial was ended for a "manifest necessity.”[3] Under the test of "manifest necessity” certain situations are easily categorized as such — the hung jury, the situation here as to the obscenity charge (Logan v United States, 144 US 263), and the disqualification of a juror (Simmons v United States, 142 US 148).
Thus there is no issue whenever a trial is terminated due to an unforeseen breakdown in the judicial machinery, even though jeopardy has attached.
*277 Simply put, the test of double jeopardy is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. An act may be an offense against two statutes. If one statute requires proof of an additional fact which the other does not, an acquittal under either statute does not exempt the defendant from prosecution under the other (Matter of Covington v Supreme Ct. of State of N.Y., 21 AD2d 822, affd 15 NY2d 855; People v Rothfeld, 61 Misc 2d 740). Where the offenses are distinct crimes, though part of one transaction, a conviction or acquittal of one is not a bar to a prosecution on the other (People v Faden, 271 NY 435; Burton v United States, 202 US 344).
In Faden (supra p 443), the Court of Appeals, in quoting from a Massachusetts case stated: "The offence of maintaining a common nuisance by keeping a tenement used for the illegal sale of intoxicating liquor, is a wholly distinct offence from that of the sale of such liquors; and the conviction of one is no bar to a conviction of the other, although evidence of the same sale of liquor may be relied on to prove each.” (Commonwealth v Hogan, 97 Mass 122.)
It would be helpful at this time to incorporate other relevant statutory provisions in our considerations.
CPL 40.20 sets forth the double jeopardy standard. Subdivision 1 and paragraphs (a) and (b) of subdivision 2 state the following:
"1. A person may not be twice prosecuted for the same offense.
"2. A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless:
"(a) The offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other; or
"(b) Each of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil”.
But is the concept of double jeopardy applicable here? This court, having researched the issue, must answer in the negative.
It is a well-established general rule of law that in a criminal *278 prosecution proof which shows or tends to show that the accused is guilty of the commission of other crimes and offenses at other times, even though they are of the same nature as the one charged, is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged (29 Am Jur 2d, Evidence, § 320).
There are exceptions to the above rule. Evidence of other crimes or offenses must not be excluded in all cases and under all circumstances.
What is the effect of an acquittal of another offense?
The acquittal of another offense does not render proof of that offense inadmissible at a later criminal trial[4] where such proof is otherwise competent (29 Am Jur 2d, Evidence, § 332).
This rule is particularly applicable where the other offense and the offense presently charged are so nearly concurrent and the facts so intimately related that proof of one cannot well be made without showing facts which tend to establish the other (29 Am Jur 2d, § 332).
A few cases are clearly illustrative of this concept.
In Pilcher v United States (113 F 248), the defendant was tried and acquitted of a charge of breaking the lock of a warehouse. The defendant was subsequently tried on the charge of removing from the same warehouse distilled spirits on which the tax was not paid.
In permitting testimony of prosecution witnesses as to the charge of breaking the lock, the court reasoned that the judgment of acquittal would be a bar against any further effort to punish the defendant for breaking the lock, but could be considered by the jury in passing upon the credibility of the witnesses testifying in the present trial.
In State v Varner (329 SW2d 623 [Mo], cert den 365 US 803), two bodies were found in a field positioned about 40 feet apart; both persons had been shot several times. The defendant had been acquitted of the murder of one of the men. Even so, evidence concerning all the circumstances in both deaths was held admissible at defendant’s trial on a charge of murder of the second man. The court stated that in view of the fact that both men came to their deaths under such circumstances as to constitute one single continuous accomplishment of a common design and that the facts were so intimately related *279 and the crimes so nearly concurrent, proof of one could not well be made without a showing of the facts tending to establish the other. The court also pointed out that if the killing of two people is all a part of one transaction, the evidence as to both deaths is competent, not because it shows another crime, but because the single transaction circumstantially bears upon and establishes deliberation, if not motive; and that, being all a part of one transaction, it was appropriate that witnesses, from photographs and personal observation, detailed the location, relative distances, and positions of the bodies, and described the gruesome wounds, and related other connected physical circumstances.
Further, in Taylor v State (174 Ga 52), the defendant was charged with bribery. At his trial for bribery, evidence of similar offenses was admitted and held not to be affected by the fact that the defendant had been acquitted of these similar offenses. The court stated that while a verdict of not guilty in the earlier decisions might have indicated that there was not sufficient evidence to convince the jury beyond a reasonable doubt of the defendant’s guilt, the acquittal would not necessarily exclude the evidence, for that evidence might tend to illustrate his acts as shown in the transaction for which he was presently on trial.
Similarly, in Buatte v United States (350 F2d 389), the defendant was tried for assault to commit murder on the person of an 11-year-old boy. The defendant had been tried and acquitted of a charge of murder of the child’s sister. Evidence was admitted in the assault trial as to the death of the boy’s sister, in that it was relevant to show that the defendant’s shooting of the boy was not a mistake or accident and it was relevant to the issue of intent. The court further stated that evidence of other criminal acts which involve or explain the circumstances of the crime charged is admissible.
Two recent New York cases are also analogous. In People v Gines (36 NY2d 932), the defendant was convicted of attempted robbery, the only charge on which the defendant was tried. He had accosted the complainant in the hallway of her apartment house. The defendant then dragged the complainant at knife point to the roof of the building, where he robbed her.
The complainant was allowed to testify further that the defendant had raped her incident to and immediately following the robbery. The testimony as to the rape was permitted. *280 The Court of Appeals determined that the testimony as to the rape was admissible to complete the narrative of the episode and to establish the complainant’s opportunity to identify the defendant as her assailant.
A similar situation presented itself in People v Acevedo (32 NY2d 941). The indictment charged that the defendant, armed with a knife, threatened a person with the knife and stole certain property from her. The complainant testified that she was robbed by the defendant in an elevator. The defendant then forced her at knife point to the roof of the building, where the defendant took a medal from her and then proceeded to rape her.
The defendant argued that the complainant’s testimony as to the uncharged crime of rape, which was permitted over the defense objection, inflamed the jury and unduly and unnecessarily prejudiced his right to a fair trial.
The People argued that the rape was part of the single episode which resulted in the charges against the defendant. The People further contended that the testimony as to it was admissible to complete the complainant’s narrative of the episode and to confirm her ability to identify the defendant as her assailant.
The Court of Appeals affirmed the lower court decision permitting the testimony as to the rape.
Therefore, it can be concluded that if testimony as to facts of an uncharged offense is permissible, then testimony as to facts of an offense, previously tried and resulting in an acquittal, may be permitted if such evidence is competent.
In conclusion, this court considers it immaterial whether the prisoner has been acquitted on the former trial or not. The evidence sought to be admitted by the People as to the former offense is not for the purpose of convicting defendants of that offense. The evidence, in the form of testimony, is sought in that it was part of a single episode which resulted in the charges against the defendants.
For the reasons afore-mentioned, the defendants’ motion to exclude the evidence in question is denied.

. The complaint states as follows: "Deponent states that he did observe the defendant [Chang] in front of a live audience engage in acts of sexual intercourse, fellatio, cunnilingus, digital manuipulation (sic) of the genitals with one Jimmy Ohm”.
The complainant does set forth facts and circumstances that allege an offense of promoting obscenity. The designation of certain types of conduct here does not appear to constitute the offense of consensual sodomy.

. It is to be noted that the definition of "obscenity” includes sodomy, but not consensual sodomy. The varying degrees of sodomy (Penal Law, §§ 130.40, 130.45 and 130.50) deal with lack of consent (be it in terms of age or compulsion) along with deviate sexual intercourse. Thus, there is no question that consensual sodomy is not a lesser included offense of sodomy nor "promoting obscenity.”

. A doctrine initiated in United States v Perez (22 US 579).

. The defense is permitted to state on the record that the defendant was in fact acquitted of the former offense (29 Am Jur 2d, Evidence, § 332).