■ In the Matter of RONNIE BARBER, Petitioner, v JAN PLUMADORE, as Acting Judge of the County Court of Essex County, et al., Respondents. (And Five Other Related Proceedings.) — Proceedings pursuant to CPLR article 78 (initiated in this court pursuant to CPLR 506, subd [b], par 1) to prohibit respondents from trying petitioners in the County of Essex on an indictment charging them with conspiracy in the sixth degree. The facts are not in dispute and may be stated briefly. On or about November 21, 1980, each of the petitioners, while hunting in Steuben County, New York, was arrested and charged with illegally taking deer without a license or permit in violation of subdivision 10 of section 11-0901 of the Environmental Conservation Law. Several deer tags were seized indicating they belonged to persons other than petitioners. Each petitioner pleaded guilty to the charge and paid a fine of $1,000. Thereafter, in May 1981, the Essex County Grand Jury indicted petitioners charging them with the crime of conspiracy in the sixth degree in violation of section 105.00 of the Penal Law. The indictment, *inter alia,* specifically charged petitioners with going to Steuben County and illegally taking and possessing wild deer. After pleading not guilty, petitioners commenced the instant proceedings seeking to dismiss the indictment and prohibit respondents from trying petitioners under the indictment. Petitioners, relying on CPL 40.20, contend that they cannot be prosecuted under this indictment because of their prior guilty pleas to the charge of illegally taking deer. We agree. CPL 40.20 (subd 2) precludes prosecution for two offenses based upon "the same act or criminal transaction" unless certain exceptions are applicable. A "criminal transaction" is defined in CPL 40.10 (subd 2) as "conduct which establishes at least one offense, and which is comprised of two or more or a group of acts either (a) so closely related and connected in point of time and circumstances of commission as to constitute a single criminal incident, or (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture". In our view, the conduct constituting the substantive crime of illegally taking deer and the conspiracy consists of acts so closely related as to satisfy the paragraph (b) definition of criminal transaction (CPL 40.10, subd 2, par [b]; see *Matter of Abraham v Justices of N. Y. Supreme Ct. of Bronx County,* 37 NY2d 560). The criminal transaction was a single persisting criminal enterprise to illegally take deer and the significant factor is that the activity constituting the charge of illegally taking deer, to which each petitioner pleaded guilty, could be used to support the conspiracy charge (see *People v Abbamonte,* 43 NY2d 74). We also conclude that none of the exceptions set forth in CPL 40.20 (subd 2) applies in the present case. Accordingly, the petitions should be granted. Petitions granted, without costs, the subject indictment is dismissed and respondents are prohibited from trying petitioners under the subject indictment. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Weiss, JJ., concur.