■ In the Matter of STEVEN FULLER, Petitioner, v JAN PLUMADORE, as Acting Judge of the County Court of Essex County, et al., Respondents. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to CPLR 506, subd [b], par 1) to prohibit respondents from trying petitioner in the County of Essex on indictments charging him with, *inter alia,* conspiracy in the sixth degree. When this matter was first before us, we held that petitioner and five others could not be prosecuted in Essex County upon an indictment charging them with the crime of conspiracy in the sixth degree (Penal Law, § 105.00) after having been previously prosecuted in Steuben County on a charge of illegally taking deer without a license or permit in violation of ECL 11-0901 (subd 10) (*Matter of Barber v Plumadore,* 86 AD2d 710). In essence, it was concluded that the subsequent prosecution was barred since the conduct constituting the substantive crime of illegally taking deer and the conspiracy consisted of acts so closely related as to amount to parts of the same criminal transaction (CPL 40.10, subd 2) and, in addition, none of the exceptions set forth in the statute applied (CPL 40.20, subd 2). Petitioner now moves for reargument or clarification of our decision noting that, in addition to being indicted in Essex County for the crime of conspiracy in the sixth degree, his petition indicated that he was also contemporaneously charged there, by separate indictment, with the crimes of forgery in the second degree, a class D felony (Penal Law, § 170.10), and forgery in the third degree, a class A misdemeanor (Penal Law, § 170.05). The forgery indictment, in essence, charged that on September 10, 1980 petitioner forged the name of one Joseph Des Grosielliers to a party permit application filed with the New York State Department of Environmental Conservation. Petitioner urges that the secur-

ing of the Des Grosielliers permit and the illegal taking of deer in Steuben County constituted part of the same criminal transaction, as defined by CPL 40.10 (subd 2), and that none of the exceptions found in CPL 40.20 (subd 2) apply, and that, therefore, for the reasons set forth in our prior decision, prosecution of the forgery indictment should likewise be barred. Although we grant petitioner's motion for reargument of our prior decision so as to address the legality of the forgery indictment outstanding against him, we disagree with his contention that prosecution of this indictment should be prohibited. CPL 40.20 (subd 2) specifically permits a separate prosecution for two offenses based upon the same act or criminal transaction where, *inter alia,* "(a) The offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other; or (b) Each of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil". Here, while it appears that the forging of the party permit application and the subsequent illegal taking of deer in Steuben County constituted parts of the same "criminal transaction", as that term is defined in the statute, we find that the elements of and the acts establishing the charged forgery offenses are clearly distinguishable from those involved in the offense of illegally taking deer without a license or permit. Moreover, it seems readily apparent that the statutes defining each of the offenses are designed to prevent very different kinds of harm or evil. Accordingly, the petition should be dismissed insofar as it seeks to prohibit prosecution of the forgery indictment. Petition granted, without costs, to the extent that the indictment charging petitioner with the crime of conspiracy in the sixth degree is dismissed and respondents are prohibited from trying petitioner under said indictment; petition, insofar as it seeks to prohibit prosecution of indictment charging petitioner with the crimes of forgery in the second and third degree, dismissed, without costs. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Weiss, JJ., concur.