■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN CLAUD, Respondent.—Appeal by the People, as limited by their brief, from so much of an order of the County Court, Suffolk County (Tisch, J.), dated April 12, 1988, as granted that branch of the defendant's motion which was to dismiss the second count of the indictment charging the defendant with assault by operating a vessel in the second degree, on the ground that prosecution for that charge was barred by CPL 40.20 (2).

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's motion which was to dismiss the second count of the indictment is denied, and the second count of the indictment is reinstated.

By indictment No. 1124/87, the defendant was charged with, *inter alia,* the crime of assault by operating a vessel in the second degree *(see,* Navigation Law § 49 [4] [b] [2]). Unbeknownst to the District Attorney, the defendant was also separately charged, *inter alia,* with a violation of the Babylon Town Code § 86-4 in a separate information filed in the District Court, County of Suffolk, Second District, charging him with failing to operate his boat in a "careful and prudent manner". The town information specifically stated that the defendant "Operated a vessel in a imprudent manner (did cause personal injury)". The defendant pleaded guilty as charged in the information, and paid a $50 fine.

Notwithstanding the fact that the incident underlying both offenses involves the same "criminal transaction" within the meaning of CPL 40.20 (2), we find that the exceptions of CPL 40.20 (2) (a) and (b) permit the prosecution under the Navigation Law *(see,* CPL 40.10). The elements of Navigation Law § 49 (4) (b) (2) are substantially different from Babylon Town Code § 86-4. A violation of Navigation Law § 49 (4) (b) (2) requires proof of criminal negligence and serious physical injury to another by operation of a vessel while in an impaired or intoxicated state. In contrast, Babylon Town Code § 86-4 requires proof of the operation of a boat in a careless or imprudent manner. Therefore, the offenses have substantially different elements (CPL 40.20 [2] [a]). While both provisions generally involve the operation of a vessel, proof of the intoxicated state of the defendant while he was operating the vessel is necessary to establish a violation of the Navigation Law, while such proof is not required to establish a violation

of Babylon Town Code § 86-4 *(cf.,* Babylon Town Code § 86-22 [concerning operating vessel while intoxicated]). The fact that the information noted that the defendant "did cause personal injury" is of little consequence since physical injury is not an element of the offense and that descriptive term did not establish *how* the defendant violated the standard of ordinary care imposed by Babylon Town Code § 86-4 *(cf.,* Navigation Law § 45 [1]; *People v Cummings,* 36 Misc 2d 800, 802).

We also disagree with the County Court's statement that both provisions at issue are designed to prevent the same kind of harm or evil since they seek to protect human life and avoid injury. Two separate geographical areas and governmental interests are involved, and the two laws are materially different in scope and purpose. The Navigation Law seeks to reduce human suffering and carnage caused by impaired or intoxicated vessel operators on all "waters of the state" whereas the Town Code provision at issue has a much more limited purpose, and only extends to the waters of the town *(compare,* Navigation Law § 45 [1], *with* Babylon Town Code § 86-4; *see, People v Cummings, supra;* CPL 40.20 [2] [b]; *see also, Matter of Kessler v Sherman,* 41 NY2d 851, 852; *Matter of Rottenberg v Edwards,* 103 AD2d 138, 140; *People v Lindsly,* 99 AD2d 99, 101). Mangano, J. P., Bracken, Kunzeman and Eiber, JJ., concur.