In the Matter of ROBERT GELINAS, Petitioner, v WILLIAM C. BARRETT, as Tompkins County Judge, Respondent.

Third Department, June 22, 1989

APPEARANCES OF COUNSEL

*Wesley E. McDermott* for petitioner.

*Robert Abrams, Attorney-General (Lisa Joy Robertson* and *Wayne L. Benjamin* of counsel), for respondent.

*L. Richard Stumbar, Special Prosecutor.*

### OPINION OF THE COURT

LEVINE, J.

Petitioner was charged in a single-count indictment with selling six grams of cocaine to a State Police undercover officer for $600 on September 23, 1987. He brought the instant application for a writ of prohibition on the ground that prosecution for this offense was barred because he had automatically received transactional immunity *(see,* CPL 50.10, 190.40) by being compelled to testify as a witness before a Grand Jury on October 13, 1987 in connection with that body's investigation of a homicide which had occurred the prior June. Attached to petitioner's application was a transcript of his testimony before the Grand Jury. In substance, petitioner was interrogated concerning a confrontation that he had with John Shills at his home on June 3, 1987. In response to the prosecutor's questions, petitioner related that he had previously used Shills as an intermediary to purchase cocaine in quantities of one eighth to one quarter of an ounce and that, on the date in question, Shills had accused him of "going over his head on a drug buy" by dealing directly with Shills' supplier. Petitioner also admitted that, prior to June 3, 1987, he would reward Shills for obtaining cocaine for him by giving him a portion of the purchased drugs and that Shills had, before that date, frequently visited petitioner to obtain drugs. However, prior to the June 3, 1987 argument, petitioner had told Shills not to approach him for drugs because he had another person in "the business end of the drugs".

We have concluded that the foregoing testimony elicited from petitioner did not result in conferring immunity on him concerning the September 23, 1987 sale of cocaine to an undercover officer. Under New York's immunity statute, which is broader than constitutionally required *(see, People v Sobotker,* 61 NY2d 44, 47), a witness receives immunity "for or on account of any *transaction, matter or thing* concerning which he gave evidence" (CPL 50.10 [1] [emphasis supplied]). Clearly, the subject of the indictment, a drug sale to a police

undercover agent on September 23, 1987, did not concern the same "transaction, matter or thing" as petitioner's Grand Jury testimony, which was restricted entirely to drug-selling activities occurring on or before June 3, 1987, without even the faintest suggestion that they involved the same undercover officer.

It is true that a criminal defendant who was previously compelled to be a witness may acquire full transactional immunity even though his testimony was not the equivalent of a confession of the crime related to his interrogation but, rather, immunity extends to any crime which the evidence he gave " 'will *tend* to a conviction when combined with proof of other circumstances which others may supply' " *(People v Williams,* 81 AD2d 418, 424, *affd* 56 NY2d 916, quoting *Matter of Doyle,* 257 NY 244, 256 [emphasis in original]). Nonetheless, the link between the crime charged and the accused's prior testimony must be real and of some substantiality, not merely trifling, imaginary or speculative *(see, Marchetti v United States,* 390 US 39, 53; *Heike v United States,* 227 US 131, 144; *Brown v Walker,* 161 US 591, 600; *People v La Bello,* 24 NY2d 598, 605; *cf., People v Pardo,* 81 AD2d 530). As Justice Holmes illustrated in construing a Federal immunity statute phrased almost identically to this State's present law, "we think it plain that merely testifying to his own name, although the fact is relevant to the present indictment as well as to the previous investigation, was not enough to give the petitioner the benefit of the act" *(Heike v United States, supra,* at 142). At the least, the cases imply that the defendant's prior testimony must be relevant and admissible to prove some element of the People's direct case on the crime charged *(see, Matter of Gold v Menna,* 25 NY2d 475, 481 n 1; *Matter of Carey v Kitson,* 93 AD2d 50, 63-64; *People v Williams, supra).*

Petitioner's testimony before the Grand Jury does not satisfy the foregoing requirements. At most, it tended to prove that, before he had his confrontation with Shills on June 3, 1987, he was involved in drug trafficking with Shills and other individuals. Clearly, where as here the crime charged is criminal sale of drugs subsequent to the date of the transactions described in the prior testimony, any admissions of prior uncharged drug-related activities would be barred from introduction on the People's direct case *(see, People v Alvino,* 71 NY2d 233, 241). Even though faintly probative of guilt, such evidence is inadmissible because its main tendency is to show a defendant's bad character or criminal propensity *(People v*

*Crandall,* 67 NY2d 111, 118). Nor would it be admissible, as petitioner suggests, to prove petitioner's specific intent, since his intent may be easily inferred from the act of selling drugs itself *(see, People v Alvino, supra,* at 242).

Likewise, it is unavailing to grant immunity that petitioner's Grand Jury admissions of prior dealing in drugs might be introduced by the prosecution in *rebuttal* "of some affirmative fact" which petitioner might, at the trial of the indictment, endeavor to prove *(Marshall v Davies,* 78 NY 414, 420; *accord, People v Crandall, supra,* at 118; *People v Harris,* 57 NY2d 335, 345), such as an agency defense. Were we to accept petitioner's rationale, that the mere possibility that his Grand Jury testimony would be relevant in rebuttal by the prosecution is sufficient to confer immunity, the effect would be to give him a blanket exemption from criminal liability for drug-selling offenses for the indefinite future, a consequence far beyond the purpose of the immunity statute. In our view, the tenuous and contingent prospect that a defendant's prior testimony concerning a totally separate offense *might* be used in rebuttal of a *possible* defense tactic is precisely the kind of speculative link with the crime charged that is insufficient to result in conferring immunity under the case law.

MAHONEY, P. J., WEISS, MIKOLL and YESAWICH, JR., JJ., concur.

Petition dismissed, without costs.