■ In the Matter of MICHAEL L. ALDRIDGE, Petitioner, v WILLIAM A. KELLY et al., Respondents.—Proceeding pursuant to CPLR article 78 to prohibit the respondents from trying the petitioner in the County Court, Rockland County, on indictment No. 88-346 charging him with criminal possession of a forged instrument in the second degree (three counts) and petit larceny (three counts), on the ground of former jeopardy.

Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.

On November 9, 1988, the petitioner pleaded guilty to an information issued by the Criminal Court, Village of Tuxedo Park, County of Orange, charging him with petit larceny for the theft of $800 in cash and "two blank checks". The checks, No. 1487 and No. 1499, were drawn on the Marine Midland Bank account of Seventeen Realty Corp., a business owned by the petitioner's employer, Henry Boyajian.

On December 13, 1988, a Rockland County Grand Jury indicted the petitioner for three counts of criminal possession of a forged instrument in the second degree and three counts of petit larceny. Counts one and three charged the petitioner with possessing or uttering forged checks Nos. 1499 and 1487 respectively, while counts two and four accused him of stealing United States currency from the Eastchester Savings Bank in Suffern, New York, where he had negotiated the two forged checks. Count five charged him with possessing or uttering forged check No. 1501, drawn on the account of Sutton Management (another business owned by Boyajian) with Horizon Bank, N. A.

The petitioner's motion before the County Court, Rockland County, to dismiss the indictment on the ground of double jeopardy was denied in all respects. Thereafter, the petitioner commenced the instant proceeding.

As a threshold matter, we note that "the extraordinary remedy of prohibition lies to review double jeopardy claims" (Matter of Di Lorenzo v Murtagh, 36 NY2d 306, 309).

From the facts at issue, it is clear that the petitioner's alleged theft of blank checks from Henry Boyajian in the Village of Tuxedo Park, and his subsequent possessing or uttering of forged checks in the Village of Suffern constituted a single "criminal transaction" under the criteria established by CPL 40.10 (2). Such "joinable" offenses may not be separately prosecuted (CPL 40.40 [1]; 200.20 [2] [a]), unless they qualify under one or more of the exceptions enunciated in CPL 40.20. We find that the exceptions of CPL 40.20 (2) (a), (b) and (e) permit the petitioner's prosecution under the Rockland County indictment.

CPL 40.20 (2) (a) provides that a person may be separately prosecuted for two offenses based upon the same act or criminal transaction if "[t]he offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the

other". In order to establish the crime of petit larceny under the information, the prosecution would have to show that the petitioner stole two blank checks and $800 from Henry Boyajian in the Village of Tuxedo Park *(see,* Penal Law § 155.25). However, in order to prove the defendant's guilt of criminal possession of a forged instrument in the second degree under counts one and three of the indictment, the People would have to demonstrate that the petitioner possessed or uttered forged instruments with the knowledge that they were forged and with intent to defraud another (Penal Law § 170.25). Thus, not only are the elements of the two offenses different, but "the acts establishing one offense are in the main clearly distinguishable from those establishing the other" (CPL 40.20 [2] [a]; *Blockburger v United States,* 284 US 299; *People v Harris,* 116 AD2d 588; *Matter of Covington v Supreme Ct.,* 21 AD2d 822, *affd* 15 NY2d 855).

In addition, the exception contained in CPL 40.20 (2) (b) allowing separate prosecution of joinable offenses likewise applies to the case at bar in that each of the offenses "contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil". Thus, petit larceny is contained in Penal Law title J, entitled "Offenses Involving Theft" and the evil to be guarded against is the misappropriation of property from its rightful owner. However, the statutory provisions prohibiting "Fraud" and "Forgery" contained in Penal Law title K were designed to protect and ensure the accuracy and authenticity of written instruments, as defined in Penal Law § 170.10 *(cf., People v Claud,* 151 AD2d 594; *Matter of Parmeter v Feinberg,* 105 AD2d 886; *Matter of Fuller v Plumadore,* 88 AD2d 674; *People v Walker,* 85 Misc 2d 177).

Counts two and four of the Rockland County indictment, charging the petitioner with petit larceny for stealing from the Eastchester Savings Bank when he negotiated forged checks Nos. 1499 and 1487 there, are not barred by the prohibition against double jeopardy because the victim, the Eastchester Savings Bank, is different from the victim identified in the Tuxedo Park information, Henry Boyajian. It is well established that a loss to a different victim permits a separate prosecution (CPL 40.10 [1]; 40.20 [2] [e]; *People v Luongo,* 47 NY2d 418). In addition, the items stolen were different (blank checks as opposed to United States currency), and the crimes occurred in different jurisdictions.

Finally, it cannot reasonably be contended that the peti-

tioner was previously placed in jeopardy with respect to his possession and negotiation of check No. 1501 (counts five and six of the Rockland County indictment) since these crimes had never before been charged. Moreover, check No. 1501 was drawn on a different account from the other two instruments, and was taken from a separate check registry. Mollen, P. J., Sullivan, Balletta and Rosenblatt, JJ., concur.