[694 NYS2d 191]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JERMAINE HENDERSON, Respondent.

Third Department, July 8, 1999

APPEARANCES OF COUNSEL

*Sol Greenberg, District Attorney,* Albany (*Christopher D. Horn* of counsel), for appellant.

E. Stewart Jones, Jr., Troy (Peter J. Moschetti, Jr., of counsel), for respondent.

**OPINION OF THE COURT**

CARPINELLO, J.

In the early morning hours of October 31, 1997, defendant was in an altercation with off-duty Police Officer William Bonanni while the two were patronizing the Partridge Pub, a bar in the City of Albany. As noted by this Court in a related case, there is no dispute that Bonanni, along with off-duty Police Officer Sean McKenna who was also present, assisted in subduing defendant, who was arrested and placed in handcuffs (see, People v McKenna, 250 AD2d 240, 241, lv denied 93 NY2d 855, lv denied sub nom. People v Bonanni, 93 NY2d 850, appeal dismissed 93 NY2d 859). Defendant was then transported to the police station, accompanied by Bonanni and McKenna. According to defendant, he was physically assaulted by Bonanni and McKenna in the police garage while he was still restrained.

A Special Prosecutor appointed by County Court to investigate defendant's allegations of police brutality presented evidence to a Grand Jury, which handed up an indictment against Bonanni and McKenna charging them with assault in the second degree and assault in the third degree. Defendant was called as a witness before this Grand Jury without executing a waiver of immunity (see, CPL 190.40 [2] [a]). His testimony mainly involved the alleged events in the police garage, but did "touch upon" events that took place in the bar (compare, id., at 242). For example, when asked to describe one of the individuals that allegedly assaulted him in the police garage, defendant responded that he had dark hair, was wearing a purple and tan shirt and that he "remember[ed] him from being at the bar". When asked if he knew the profession of either of the individuals who he claimed assaulted him, defendant responded that he did not know their profession but he "thought that they were bouncers from the bar". When asked if, upon arriving at the hospital, he then knew the identity of the individuals who allegedly assaulted him in the garage, defendant responded, "No. I just still thought that they were bouncers I got in an altercation with at the bar."

As a result of the events at the Partridge Pub, a separate Grand Jury, before which Bonanni and McKenna testified, handed up an indictment against defendant charging him with assault in the third degree and resisting arrest in the third degree. Specifically, the indictment alleges that defendant, on

or about October 31, 1997 at approximately 1:30 A.M. at the Partridge Pub, did, with intent to cause physical injury, cause such injury to Bonanni by punching him in the face and that, on the same morning and at the same place, he intentionally prevented McKenna from effectuating an authorized arrest by means of striking, pushing and otherwise fighting with him.

Defendant moved to dismiss the indictment upon the ground that he had obtained transactional immunity by virtue of his testimony before the Bonanni-McKenna Grand Jury. County Court cited the mentioned excerpts from defendant's Grand Jury testimony, which it found to be properly responsive to the questions asked, and reasoned that this testimony provided a clear connection to the crimes charged. County Court noted that defendant's testimony "would not only 'tend to a conviction', but could, in fact, lead to a conviction by using [his] own words against him, a powerful evidentiary tool, indeed", and therefore concluded that immunity had been conferred and dismissed the indictment. The People appeal.

CPL 50.10 (1) provides that a person who has been a witness in a legal proceeding cannot be prosecuted for any offense "on account of any transaction, matter or thing concerning which he [or she] gave evidence therein". This has been interpreted as a grant of full "transactional" immunity for any topic discussed by the witness within the scope of the proceeding (*see, Matter of Rush v Mordue*, 68 NY2d 348, 356; *People v Chin*, 67 NY2d 22, 33, n 4; *Matter of Brockway v Monroe*, 59 NY2d 179, 189). The Grand Jury testimony need not be "the equivalent of a confession" (*Matter of Gelinas v Barrett*, 147 AD2d 293, 295); rather, it suffices that the testimony "will prove some part or feature of it, will tend to a conviction when combined with proof of other circumstances which others may supply" (*Doyle v Hofstader*, 257 NY 244, 256; *see, People v McKenna, supra; Matter of Gelinas v Barrett, supra*).

Critical to our holding here is a comparison between the facts involved and legal arguments advanced in this case and those presented to this Court in *People v McKenna* (*supra*). In *People v McKenna*, Bonanni and McKenna unsuccessfully attempted to convince this Court that the events at the Partridge Pub and the subsequent events at the police garage were "inextricably intertwined" and that because these events took place on the same morning and involved the same parties, their testimony before defendant's Grand Jury regarding events at the bar was the legal equivalent of testimony regarding the very "transaction, matter or thing" for which they were

indicted. Defendant makes a different argument. Rather than trying to link the two events, defendant relies on the fact that his Grand Jury testimony regarding the altercation at the bar was about the *same event* for which he was indicted. Because such testimony was responsive to questions posed and not gratuitous, he claims he is legally entitled to immunity. Unlike defendant's testimony about events which were the subject of his indictment, Bonanni and McKenna's testimony before defendant's Grand Jury "did not in any way touch upon the events that took place at the police garage" (*id.*, at 242). Furthermore, defendant's testimony before the Bonanni-McKenna Grand Jury was incriminating, while the specific Grand Jury testimony relied upon by Bonanni and McKenna was not incriminatory and, "if anything, it tend[ed] to *exculpate*" them (*id.*, at 243 [emphasis supplied]). Given these distinctions, our prior decision does not control the outcome of the case at hand.

A reading of defendant's testimony at the Bonanni-McKenna Grand Jury and an examination of the charges against him (*see, People v Feerick*, 241 AD2d 126, 139, *affd* 93 NY2d 433) support County Court's conclusion that he testified about the "transaction, matter or thing" for which he was indicted. While this testimony was not a confession, it was not "so unrelated to the crime as to be completely foreign to the indictment against [him]" (*People v Williams*, 81 AD2d 418, 424, *affd* 56 NY2d 916). An acknowledgment that an altercation took place at the bar and that he was involved does "tend"—i.e., " 'helps' or 'contributes' " (*id.*, at 426)—to defendant's incrimination of the charged crimes. As noted in *People v Feerick* (*supra*, at 139), "it is the subject matter, not the quantity [of the testimony], that is significant" (*see also, People v Weisman*, 231 AD2d 131, 135, *lv denied* 90 NY2d 1015). Noting that the connection between the testimony and crimes charged must be " 'real and of some substantiality, not merely trifling, imaginary or speculative' " (*id.*, at 135, quoting *Matter of Gelinas v Barrett*, 147 AD2d 293, 295, *supra*), we find that there is nothing unimportant, imaginary or speculative about defendant's admission. Rather, in our view, this testimony is of some substantiality and does provide a " 'link' in the 'chain of facts' " against him (*People v Williams, supra*, at 424). Moreover, we find that his testimony was responsive to the Special Prosecutor's inquiries and not gratuitously given (*see*, CPL 190.40 [2] [b]). For these reasons, we agree with County Court that defendant's testimony before the Bonanni-McKenna Grand Jury conferred immunity upon

him, and the indictment was properly dismissed.

MERCURE, J. P., PETERS, SPAIN and GRAFFEO, JJ., concur.

Ordered that the order is affirmed.