Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Chun, J.), dated March 16, 2016, as dismissed counts one, two, and three of the indictment.
 

 Ordered that the order is modified, on the law, by deleting the provision thereof dismissing counts two and three of the indictment charging criminal possession of a forged instrument in the second degree and offering a false instrument for filing in the first degree, respectively, those counts of the indictment are reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment; as so modified, the order is affirmed insofar as appealed from.
 

 In connection with a burglary prosecution against Joseph Little, on September 29, 2014, the defendant testified before a grand jury that she was the owner of real property located on Vernon Avenue in Brooklyn (hereinafter the real property), and that she did not give Joseph Little permission to enter that property. On October 9, 2015, the defendant was charged in a four-count indictment with (1) grand larceny in the second degree for her alleged theft of the real property (see Penal Law § 155.40 [1]), (2) criminal possession of a forged instrument in the second degree for her alleged possession of a fraudulent deed for the real property which was filed with the City Register on or about September 14, 2012 (see Penal Law § 170.25), (3) offering a false instrument for filing in the first degree in connection with her alleged filing of the deed with the City Register (see Penal Law § 175.35), and (4) perjury in the first degree in connection with her grand jury testimony regarding the real property (see Penal Law § 210.15).
 

 The defendant pleaded not guilty and, at a pretrial appearance, the issue of whether she was entitled to transactional immunity from prosecution based upon her grand jury testimony was raised. After the parties were afforded an opportunity to brief the issue, the Supreme Court, inter alia, dismissed the first, second, and third counts of the indictment charging the defendant with grand larceny in the second degree, criminal possession of a forged instrument in the second degree, and offering a false instrument for filing in the first degree, respectively. The People appeal.
 

 “In our State, a witness at a Grand Jury proceeding is compelled to give any evidence legally requested” (Matter of Rush v Mordue, 68 NY2d 348, 355 [1986]; see CPL 190.40 [1]). “In exchange for that compelled testimony and in recognition of the witness’s constitutional privilege against self-incrimination, CPL 190.40 (2) confers automatic immunity from prosecution of any offenses concerning the compelled testimony, with exceptions not relevant here” (Matter of Rush v Mordue, 68 NY2d at 355-356). “CPL 50.10 (1), defining the scope of the conferred immunity, provides that a person who has been a witness in a legal proceeding cannot be prosecuted for any offense ‘on account of any transaction, matter or thing concerning which he gave evidence therein’, and [the Court of Appeals] ha[s] interpreted this as a grant of full transactional immunity for any topic discussed by the witness within the scope of the proceeding” (Matter of Rush v Mordue, 68 NY2d at 356 [footnote and internal quotation marks omitted]; see People v Henderson, 257 AD2d 213, 215 [1999]; Matter of Carey v Kitson, 93 AD2d 50, 60 [1983]; People v Williams, 81 AD2d 418, 421 [1981], affd 56 NY2d 916 [1982]). “[A]bsent a waiver, a witness before the Grand Jury responding directly to questioning legally addressed to him, cannot be convicted of an offense for any transaction concerning which he gave testimony” (People v Williams, 81 AD2d at 421).
 

 “In order for there to be immunity, the connection between the ‘transaction, matter or thing’ about which a witness testifies before the Grand Jury and the criminal charges must be ‘real and of some substantiality, not merely trifling, imaginary or speculative’ ” (People v Feerick, 93 NY2d 433, 452 [1999], quoting Matter of Gelinas v Barrett, 147 AD2d 293, 295 [1989]; see People v McKenna, 250 AD2d 240, 242-243 [1998]). “The Grand Jury testimony need not be the equivalent of a confession; rather, it suffices that the testimony will prove some part or feature of it, [and] will tend to a conviction when combined with proof of other circumstances which others may supply” (People v Henderson, 257 AD2d at 215 [internal quotation marks and citations omitted]; see People v McKenna, 250 AD2d at 242-243; Matter of Gelinas v Barrett, 147 AD2d at 295). “At a minimum, the defendant’s prior testimony must be ‘relevant and admissible to prove some element of the People’s direct case on the crime charged’ ” (People v McKenna, 250 AD2d at 243, quoting Matter of Gelinas v Barrett, 147 AD2d at 295).
 

 Here, with respect to the charge of grand larceny in the second degree (see Penal Law § 155.40 [1]), “[a] person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof” (Penal Law § 155.05; see People v Kutsy, 105 AD3d 975, 976 [2013]). The defendant’s grand jury testimony that she was the owner of the real property would be relevant to establishing the defendant’s alleged intent to deprive the rightful owners of the real property (see Penal Law §§ 155.40, 155.05). Thus, the defendant testified to the “transaction, matter or thing” for which she stands indicted (People v Feerick, 93 NY2d at 452), and her testimony may “tend to a conviction when combined with proof of other circumstances which others may supply” (Matter of Carey v Kitson, 93 AD2d at 64 [emphasis omitted]; see People v Williams, 81 AD2d at 424-425; cf. People v Weisman, 231 AD2d 131, 135 [1997]). Accordingly, the Supreme Court properly found that the defendant’s testimony conferred immunity upon her from prosecution of grand larceny in the second degree.
 

 However, the Supreme Court erred in dismissing the second and third counts of the indictment charging the defendant with criminal possession of a forged instrument in the second degree and offering a false instrument for filing in the first degree, respectively. “A person is guilty of criminal possession of a forged instrument in the second degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he [or she] utters or possesses any forged instrument of a kind specified in section 170.10” (Penal Law § 170.25; see Matter of Aldridge v Kelly, 157 AD2d 716, 718 [1990]), which includes a deed (see Penal Law § 170.10 [1]). “Aperson is guilty of offering a false instrument for filing in the first degree when . . . knowing that a written instrument contains a false statement or false information, and with intent to defraud the state or any political subdivision, public authority or public benefit corporation of the state, he or she offers or presents it to a public office, public servant, public authority or public benefit corporation with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office, public servant, public authority or public benefit corporation” (Penal Law § 175.35 [1]; see People v Chaitin, 94 AD2d 705, 705 [1983], affd 61 NY2d 683 [1984]; see also People v Castaldo, 146 AD3d 797, 799 [2017]). Here, although the defendant testified that she owned the real property, she did not testify how she purportedly came into ownership of the real property. Her claim of ownership is not relevant to establishing her knowledge that the deed to the real property was forged, her intent to use that deed to defraud another person, her presentment of the deed to the City Register, or her belief that the deed would be accepted for filing (see People v Weisman, 231 AD2d at 132; People v McKenna, 250 AD2d 240 [1998]; cf. Matter of Carey v Kitson, 93 AD2d at 51), and thus, does not “tend to a conviction when combined with proof of other circumstances which others may supply” (Matter of Carey v Kitson, 93 AD2d at 64 [emphasis omitted]). Under these circumstances, the defendant was not entitled to immunity from prosecution for criminal possession of a forged instrument in the second degree and offering a false instrument for filing in the first degree, and counts two and three of the indictment must be reinstated.
 

 Chambers, J.P., Miller, Duffy and Connolly, JJ., concur.