People v O'Neal (2021 NY Slip Op 08204)





People v O'Neal


2021 NY Slip Op 08204


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-13515
 (Ind. No. 5825/15)

[*1]The People of the State of New York, respondent,
v
Blanche O'Neal, appellant.


Alter & Barbaro, Brooklyn, NY (Troy J. Lambert and Bernard M. Alter of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Ann Bordley of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered November 14, 2018, convicting her of criminal possession of a forged instrument in the second degree, offering a false instrument for filing in the first degree, and perjury in the first degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
In 2015, the defendant was charged with, inter alia, criminal possession of a forged instrument in the second degree, offering a false instrument for filing in the first degree, and perjury in the first degree. The Supreme Court, among other things, dismissed the counts of the indictment charging the defendant with criminal possession of a forged instrument in the second degree and offering a false instrument for filing in the first degree. The court determined that the defendant was entitled to transactional immunity from prosecution based upon her grand jury testimony, in connection with a burglary prosecution against Joseph Little, that she was the owner of certain real property located on Vernon Avenue in Brooklyn (hereinafter the real property) and that she did not give Joseph Little permission to enter the property. On the People's appeal, this Court reinstated those two counts of the indictment (see People v O'Neal, 153 AD3d 1281, 1281). Upon remittal to the Supreme Court, a nonjury trial was conducted, and the defendant was convicted of criminal possession of a forged instrument in the second degree for her alleged possession of a fraudulent deed for the real property which was filed with the City Register on or about September 14, 2012; offering a false instrument for filing in the first degree in connection with her alleged filing of the deed with the City Register; and perjury in the first degree in connection with her grand jury testimony regarding her ownership of the real property. The defendant appeals.
The defendant's challenge to the legal sufficiency of the evidence is only partially preserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the [*2]jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
To the extent the defendant contends that there was a Rosario violation, her contention is without merit (see People v Rosario, 9 NY2d 286; see generally People v Kelly, 88 NY2d 248).
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court